IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

THOMAS THAGGARD,

    Plaintiff,

v.

STATE OF ALABAMA
DEPARTMENT OF YOUTH
SERVICES,

    Defendants.

CIVIL ACTION NO. 2:07CV483-ID

**DEMAND FOR JURY TRIAL**

## COMPLAINT

**COMES NOW** the Plaintiff, Thomas Thaggard, and by and through his undersigned counsel of record, doth complain against the above-named Defendant, the State of Alabama Department of Youth Services, as follows:

### I.

### JURISDICTION

1. Plaintiff, Thomas Thaggard, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the Acts of Congress known as Title VII of the **Civil Rights Act of 1964**, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981a, and the **Age Discrimination in Employment Act**, as amended (29 U.S.C. § 621 et seq.) to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and damages suffered by the Plaintiff, Thomas Thaggard. The Plaintiff herein challenges the Defendant's unlawful discrimination against Plaintiff Thomas Thaggard, due to Plaintiff's race and age discrimination and Defendant's unlawful retaliation against him.

2. Plaintiff Thaggard avers that he has pursued and exhausted his administrative remedies. In particular, Plaintiff Thaggard filed a charge of race, age, and retaliation discrimination against his employer, State of Alabama Department of Youth Services, with the Equal Employment Opportunity Commission's Birmingham Office on September 11, 2006. Plaintiff Thaggard received his a right-to-sue letter on or about April 30, 2007. A copy of said charge is attached hereto and marked as "Exhibit A."

## II.

## PARTIES AND VENUE

3. The named Plaintiff, Thomas Thaggard, is a citizen of the United States, a resident of Montgomery County, Alabama, and is over 19 years of age.

4. The named Defendant, the State of Alabama Department of Youth Services, *hereinafter* "DYS," is an Alabama state department, located at Mt. Meigs Campus, Post Office Box 66, Mt. Meigs, Alabama 36057.

## III.

## STATEMENT OF FACTS RELATED TO
## PLAINTIFF THOMAS THAGGARD

5. Plaintiff Thomas Thaggard has been employed by Defendant DYS for the past thirty years and is still employed with Defendant DYS. Plaintiff Thomas Thaggard has been a loyal employee and dedicated worker for Defendant.

6. Plaintiff Thomas Thaggard avers that he has performed the duties of Defendant well, and received no complaints about his work until after he had filed his charges of race, age, and retaliation discrimination with the Equal Employment Opportunity Commission.

7. Plaintiff Thaggard avers that he is a fifty-eight year old Caucasian male.

8. Plaintiff Thomas Thaggard avers that he was hired as a Youth Services Aid in 1976.

9. Plaintiff Thaggard avers that he has only received one promotion during his entire employment with DYS. In 1987, DYS promoted Plaintiff Thaggard to the position of Counselor I.

10. In 2006, a position for Youth Service Specialist became available, which is a higher position than Plaintiff Thaggard's current position of Counselor I. In May 2006, Plaintiff Thaggard received a letter from Debra L. Spann, Personnel Manager for the DYS. This letter, attached hereto as "Exhibit A," stated that Plaintiff Thaggard had been certified for consideration for the position of Youth Services Specialist. Further, the letter stated that Plaintiff Thaggard's rank was "Band 1 (Tied with 5)."

11. However, Plaintiff Thaggard avers that DYS did not choose Plaintiff Thaggard for the position of Youth Services Specialist. DYS instead selected Victor Black, effective September 1, 2006. Mr. Black is a younger African-American male. Plaintiff Thaggard has a Master's Degree in Justice and Public Safety unlike Mr. Black, who has no master's degree. Further, Plaintiff avers that he has been employed with the Department far longer than Mr. Black.

12. Additionally, Plaintiff Thaggard avers that the DYS employees who interviewed Plaintiff, namely Tim Davis and Janice Lewis, are African-American.

13. Furthermore, Plaintiff Thaggard avers that the DYS has demonstrated a continuing practice of race discrimination in favor of African-Americans and younger individuals in that the last five people promoted to Youth Service Specialist have all been African-American and younger than the Plaintiff.

14. Also, Plaintiff Thaggard avers that DYS failed to promote Plaintiff in retaliation for filing charges of discrimination against DYS in March of 2006 and in 1997.

15. Therefore, Plaintiff Thaggard avers that he has been retaliated against, due to his race, his age, and previously filed charges of discrimination with the Equal Employment Opportunity Commission against the DYS.

16. Plaintiff Thaggard avers that he was, and is, a victim of race, age and retaliation discrimination, and that any reasons given for DYS's failure to promote Plaintiff are pretextual.

17. Plaintiff Thaggard notified the Equal Employment Opportunity Commission's Birmingham District Office regarding the discrimination he suffered, and herein alleged, and by charge of race, age, and retaliation discrimination (Charge Number 420-2006-04787) dated and filed September 11, 2006. A Right-to-Sue letter was issued on April 27, 2007 and received on or about April 30, 2007.

### IV.

### PLAINTIFF THAGGARD'S RACE DISCRIMINATION CAUSE OF ACTION FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

18. Plaintiff Thaggard repeats, realleges and incorporates by reference paragraphs 1-17 above, the same as if more fully set forth herein, and further avers that Defendant has discriminated against him due to his race.

19. Plaintiff Thaggard avers that the aforesaid actions of the Defendant violated the 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964**,(42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981a. and that DYS's upper management has a pattern and practice of race discrimination at DYS.

20. Plaintiff Thaggard avers that he has suffered economic damages, including a loss of pay and benefits, as a proximate cause of said race discrimination. Plaintiff Thaggard avers that the race discrimination practiced against him was willful, thus causing Plaintiff mental anguish and pain and suffering.

21. Plaintiff Thaggard further avers that he has pursued and has exhausted his administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thaggard prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a. Enjoining and restraining the Defendant from further discrimination against Plaintiff Thaggard due to his race;

b. Awarding Plaintiff Thaggard such damages to which he may be entitled;

c. Awarding Plaintiff Thaggard his costs in this action, including a reasonable attorney's fees; and

d. Granting Plaintiff Thaggard such other, further and different relief to which he may be entitled.

## V.

## PLAINTIFF THAGGARD'S CAUSE OF ACTION FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

22. Plaintiff Thaggard repeats, realleges and incorporates by reference paragraphs 1-21 above, the same as if more fully set forth herein, and further avers that Defendant have discriminated against him due to his age.

23.     Plaintiff Thaggard avers that the aforesaid actions of the Defendant violated the **Age Discrimination in Employment Act**, as amended (29 U.S.C. § 621 et seq.), prohibiting age discrimination in employment.

24.     Plaintiff Thaggard avers that he has suffered economic damages, including a loss of pay and benefits, as a proximate cause of said age discrimination.  Plaintiff Thaggard avers that the age discrimination practiced against him was willful, and therefore a doubling of damages is appropriate.

25.     Plaintiff Thaggard further avers that he has pursued and has exhausted his administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thaggard prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a.  Enjoining and restraining the Defendant from further discrimination against Plaintiff Thaggard due to his age;

b.  Awarding Plaintiff Thaggard such damages to which he may be entitled;

c.  Awarding Plaintiff Thaggard his costs in this action, including a reasonable attorney's fees; and

d.  Granting Plaintiff Thaggard such other, further and different relief to which he may be entitled.

## VI.

## PLAINTIFF THAGGARD'S CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE IX AND 42 U.S.C. SECTION 1983 AND
## OTHER APPLICABLE STATE LAWS

26. Plaintiff Thaggard repeats, realleges and incorporates by reference paragraphs 1-25 above, the same as if more fully set forth herein, and further avers that Defendant have discriminated against him in retaliation for him reporting race and age discrimination.

27. As herein alleged, Defendant illegally retaliated against Plaintiff by failing to promote Plaintiff to the position of Youth Services Specialist, because he reported the race and age discrimination. Each of said acts of retaliation are in violation of Title IX and 42 U.S.C. Section 1983 and all other applicable state laws.

28. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against him, Plaintiff has suffered, and will continue to suffer, pain and suffering, extreme mental anguish, and emotional distress. Therefore, the Plaintiff is entitled to any monetary damages in amounts to be proven at trial.

29. As a direct and proximate result of Defendant's actions, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of the relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorneys fees be awarded.

Respectfully submitted on this the 29th day of May, 2007.

**A JURY TRIAL IS REQUESTED ON ALL ISSUES SO TRIABLE.**

_____
JULIAN L. MCPHILLIPS (MCP004)
Attorney for Plaintiff

_____
ELIZABETH BERN SPEAR (SPE052)
Attorney for the Plaintiff

OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 S. Perry Street
P.O. Box 64
Montgomery, AL 36101
Telephone:   (334) 262-1911
Fax:         (334) 263-2321
Email:       espear@msg-lawfirm.com

## VERIFICATION

Before me, the undersigned Notary Public, appeared Thomas Thaggard, known to me, who, after being duly sworn, did state the foregoing Complaint is true and correct in every particular, on this the 22 day of May, 2007.

_____
Thomas Thaggard

_____
NOTARY PUBLIC
My Commission Expires: 8/9/09

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Thomas L. Thaggard<br>2322 Palmetto Street<br>Montgomery, AL 36107 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-04787 | Ollie M. Croom,<br>Investigator | (205) 212-2140 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_     4-27-07

Delner Franklin-Thomas,
District Director                         (Date Mailed)

Enclosures(s)

cc:  T. Dudley Perry, Jr., Deputy Attorney General      Elizabeth Benn Spears, Attorney
     State of Alabama                                    McPhillips, Shinbaum, L.L.P.
     Alabama Department of Youth Services               Post Office Box 64
     P. O. Box 66                                        Montgomery, AL 36101
     Mount Meigs, AL 36057

EXHIBIT A

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[x] EEOC | CHARGE NUMBER<br>420-2006-01275 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| NAME (indicate Mr., Ms., Mrs.)<br>Mr. Thomas L. Thaggard | HOME TELEPHONE (include area code)<br>334-263-6416 | |
|---|---|---|
| STREET ADDRESS<br>2322 Palmetto Street | CITY, STATE AND ZIP CODE<br>Montgomery, AL 36107 | DATE OF BIRTH<br>06/04/48 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Alabama Department of Youth Services | NUMBER OF EMPLOYEES, MEMBERS<br>75 + | TELEPHONE (Include Area Code)<br>334-215-1602 |
|---|---|---|
| STREET ADDRESS<br>P.O. Box 66 | CITY, STATE AND ZIP CODE<br>Mt. Meigs, AL   36057 | COUNTY<br>Montgomery |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>[x] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [x] AGE<br>[x] RETALIATION   [ ] NATIONAL ORIGIN   [ ] DISABILITY   [ ] OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)        LATEST (ALL)<br><br>[x] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Attached hereto and incorporated herein as if fully set out.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if i change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (When necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Thomas Thaggard*<br><br>Date   August 31, 2006      Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>*Thomas Thaggard*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE (DAY, MONTH, AND YEAR)   August 31, 2006<br>NOTARY PUBLIC STATE OF ALABAMA AT LARGE<br>MY COMMISSION EXPIRES: Apr 3, 2007<br>BONDED THRU NOTARY PUBLIC UNDERWRITERS |

EOC FORM 5 (Test 10/94)

# Affidavit

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

My name is **Thomas L. Thaggard**, and I do solemnly swear that the following is true and correct in every particular.

1. This is an amended charge of discrimination and to be incorporated in my previous charge of discrimination, filed on March 9, 2006, **Charge Number 2006-01275**.

2. I am still employed with the Alabama Department of Youth Services. Recently, a job position, Youth Service Specialist, became available. Youth Service Specialist is a higher position than my current position of Counselor I. In May 2006, I received a letter from Debra L. Spann, Personnel Manager for the Department of Youth Services. This letter, which is attached hereto and marked as "Exhibit A," stated that I had been certified for consideration for the position of Youth Services Specialist. Further, it stated that my rank was "Band 1 (Tied with 5)."

3. However, I was not chosen for the position of Youth Services Specialist. The Department chose Victor Black, effective September 1, 2006. Mr. Black is a young African American with no Master's degree. Although I have a Master's Degree in Justice and Public Safety and have been employed with the Department for a longer period of time than Mr. Black, I was not chosen for the position.

4. Furthermore, the Department of Youth Services demonstrated its continuing practice of discrimination in that the last five people promoted to the position of Youth Service Specialist have all been African American.

5. Therefore, I believe that I am being retaliated against, because of my race, my age, and my previously filed charges of discrimination with the EEOC against the Alabama Department of Youth Services at the Mt. Meigs Campus.

6. I believe that I am a victim of race discrimination, in violation of 42 U.S.C., Section 2000(e), and age discrimination, which is in violation of 29 U.S.C., Section 621, et seq.

Page 1 of 2

Dated this 31st day of August, 2006.

_____
THOMAS L. THAGGARD

Sworn to and subscribed before me this the 31st day of August, 2006.

_____
Notary Public          NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                       MY COMMISSION EXPIRES: Apr 3, 2007
My Commission Expires: BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS THAGGARD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO. |
| | * 2:07CV483-ID |
| STATE OF ALABAMA | * |
| DEPARTMENT OF YOUTH | * |
| SERVICES, | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW, the Plaintiff, Thomas Thaggard, by and through counsel, and pursuant to Federal Rule of Civil Procedure 33, calls upon the Defendant, the State of Alabama Department of Youth Services, to answer the following interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

A.  "Documents" shall mean, refer to, and include the original and all copies of any and all writings, letters (including blind copies), directives; internal notions; bookkeeping entries; corporate papers (including minutes and resolutions); invoice vouchers; ledger sheets; telegrams; telexes; facsimile transmissions; letters; correspondence; reports (including confidential reports); investigations; examinations; audits; abstracts; accounts; memoranda (including internal memoranda); internal correspondence; notes; tape recordings; contracts; agreements; forms; worksheets; checks; check stubs; receipts; witness statements; memoranda pertaining to witness interviews; computer printouts, memos, e-mail, or other communications saved to computer hard drives, backup drives, internal or external disk storage devices; diaries; file cards; work memoranda; reports of

investigations; financial reports and statements; notices; proof of loss; grievances; policies; bonds; employee handbooks; work rules; personnel policies; and any other means of transmitting or recording human intelligence or communication.

B. The words "you," "your," "Defendant" or "Defendants" herein shall include the Defendant, and its agent(s) or any person(s) acting or purporting to act on its behalf, now or in the past, including, but expressly not limited to its attorney(s), and any expert(s) employed on its behalf for the purpose of this litigation.

C. "Communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, computer generated (sent or retained) messages, letters, correspondence, notes, or any other form of oral or written communication.

D. "Statement" refers to any document that contains or reflects a report of facts, opinions, declarations, remarks or a summary thereof.

**Note A:** These interrogatories shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendants or the Defendants' attorney(s) subsequent to your original response. Any such supplemental responses are to be served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information, but not later than twenty (20) days before the first day of the trial of this case.

## INTERROGATORIES

1. Identify any person who has assisted in answering these interrogatories.

2. Identify all employees or agents of the Defendant who have been terminated at the Mt. Meigs Campus by name, last known address, job title, last day of employment, race, age and gender

and the names and job titles of the persons who made the decision to terminate each of them.

3. Please identify all job titles held by Thomas Thaggard during his employment, the dates he held said job titles, all job responsibilities and duties associated with each job title, his weekly pay and/or hourly wage for each job title.

4. Please identify by name, last known address, gender, race, age, current employment status, employment location and job title of every employee who has held the same job titles and/or has performed the same job duties as Thomas Thaggard at the Mt. Meigs Campus.

5. Identify the name of every Caucasian male employee who has held the job title of Counselor I, Youth Services Specialist and/or Campus Administrator at Mt. Meigs Campus between 1978 to the present, and with regard to each provide the name, last known address, current job status, employment location, date(s) he or she was offered and/or promoted to the positions of Counselor I, Youth Services Specialist and/or Campus Administrator, name and job title of persons who offered him said promotions.

6. Identify by name and last known address each and every person from whom the Defendant or anyone acting on its behalf (including, without limitation, the attorneys and investigator(s) working for the Defendant, or any other persons) has obtained a statement of any type (e.g., written, recorded or otherwise), concerning any fact, matter or event having any connection or relevance whatsoever to any aspect of this lawsuit. To the extent any person has been interviewed without giving a "statement", or talked with regarding this case, separately identify each such person.

7. Explain in detail every reason why Thomas Thaggard was not promoted to the position of Youth Service Specialist.

8. List the number of Youth Service Specialist positions that have become available with

the Defendant for each year between 1978 to the present along with the name, race, age, gender and years of employment with the Defendant, of every individual who has filled the position of Youth Service Specialist, the date(s) they filled this position, and the name and job title of every person who approved that employee filling the position of Youth Service Specialist.

9. Identify every EEOC charge of discrimination and/or lawsuit concerning race discrimination, age discrimination, and/or retaliation, in which the State of Alabama Department of Youth Services has been named and/or involved or is currently named and/or involved since 1978. For each such lawsuit, identify the Court and case number. For each such EEOC charge, identify the name of the charging party, and the current position of the charging party with the Defendant, if applicable.

10. Separately list the qualifications for the position of Youth Service Specialist, both requisite and preferred for the years 1978 to the present, including a description of the duties, skills and responsibility for this position.

## **REQUEST FOR PRODUCTION**

1. The Plaintiff requests the Defendant to produce or to allow the Plaintiff to inspect any and all documents or electronic information which the Defendant used to answer interrogatories 1-11 or any and all documents which support or concern the information requested in interrogatories 1-11.

2. The Plaintiff requests a copy of his personnel file from the State of Alabama Department of Youth Services.

3. The Plaintiff requests a copy of any and all notes as the result of any job interview the Defendant has taken concerning the Plaintiff.

4. The Plaintiff requests a copy of any and all statements of any type (e.g., written, recorded or otherwise), concerning any fact, matter or event having any connection or relevance

whatsoever to any aspect of this lawsuit.

_____
Elizabeth Bern Spear
Attorney for Plaintiff

OF COUNSEL:
McPhillips, Shinbaum, L.L.P.
Post Office Box 64
516 South Perry Street
Montgomery, Alabama 36102
(334) 262-1911
(334) 263-2321- FAX