IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS THAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| ) | 2:07cv483-ID |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, ) | |
| ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### JURISDICTION

1. The Defendant admits the United States District Court for the Middle District of Alabama has jurisdiction.

2. The Defendant denies the Plaintiff has exhausted administrative remedies and demands strict proof thereof.

3. The Defendant is without knowledge that the Plaintiff received his right to sue letter.

### PARTIES AND VENUE

4. Admitted.

5. Admitted.

### STATEMENT OF FACTS RELATED TO
### PLAINTIFF THOMAS THAGGARD

6. The Defendant admits the Plaintiff's alleged dates of employment. All other material allegations of paragraph 6 are denied and the Defendant demands strict proof thereof.

7. All material allegations of paragraph 7 are denied and the Defendant demands strict proof thereof.

8. Admitted.

9. Admitted.

10. Admitted.

11. Exhibit A is an EEOC Charge of Discrimination. Otherwise, the allegations of paragraph 10 are admitted.

12 Admitted.

13. Admitted.

14. The Defendant denies all material allegations in paragraph 14 and demands strict proof thereof.

15. The Defendant denies all material allegations in paragraph 15 and demands strict proof thereof.

16. The Defendant denies all material allegations in paragraph 16 and demands strict proof thereof.

17. The Defendant denies all material allegations in paragraph 17 and demands strict proof thereof.

18. Admitted.

19. Admitted.

20. Admitted.

21. The Defendant denies all material allegations in paragraph 21 and demands strict proof thereof.

22. The Defendant denies all material allegations in paragraph 22 and demands strict proof thereof.

23. The Defendant denies all material allegations in paragraph 23 and demands strict proof thereof.

## RACE DISCRIMINATION CAUSE OF ACTION FOR
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. No response required.

25. The Defendant denies all material allegations in paragraph 25 and demands strict proof thereof.

26. The Defendant denies all material allegations in paragraph 26 and demands strict proof thereof.

27. The Defendant denies all material allegations in paragraph 27 and demands strict proof thereof.

### CAUSE OF ACTION FOR VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT OF 1967

28. No response required.

29. The Defendant denies all material allegations in paragraph 29 and demands strict proof thereof.

30. The Defendant denies all material allegations in paragraph 30 and demands strict proof thereof.

31. The Defendant denies all material allegations in paragraph 31 and demands strict proof thereof.

### CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF TITLE IX AND 42 U.S.C. SECTION 1983 AND OTHER APPLICABLE STATE LAWS

32. No response required.

33. The Defendant denies all material allegations in paragraph 33 and demands strict proof thereof.

34. The Defendant denies all material allegations in paragraph 34 and demands strict proof thereof.

35. The Defendant denies all material allegations in paragraph 35 and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1. The Plaintiff cannot recover under 42 U.S.C. § 1983 on the theory of respondent superior liability.

      2.      To the extent the Plaintiff purports to state a cause of action against the Defendant under 42 U.S.C. § 1983 based on any employee's conduct as a "supervisory defendant", the Department is entitled to sovereign immunity.

      3.      To the extent the Plaintiff purports to state a cause of action against the Defendant under 42 U.S.C. § 1983 based on any employee's supervisory capacity, the Defendant is entitled to Eleventh Amendment immunity.

      4.      The Defendant is protected by Eleventh Amendment immunity and State immunity under Article I § 14 of the Constitution of Alabama.

      5.      The Defendant is an agency of the State of Alabama and is immune from suit pursuant to the Eleventh Amendment.

      6.      The Defendant is not a person subject to suit.

      7.      The Plaintiff has failed to establish a prima facie case of retaliation.

      8.      The Plaintiff has failed to establish a prima facie case of race discrimination.

      9.      The Plaintiff has failed to establish a prima facie case of age discrimination.

      10.      The Plaintiff has not established that the Defendant subjected the Plaintiff to an adverse employment action.

      11.      The Defendant has a legitimate, non-discriminatory reason(s) for employment action.

      12.      The Defendant has a reasonable factor(s) other than age for employment action.

      13.      The Defendant has good cause for employment action.

      14.      The Plaintiff has failed to exhaust his administrative remedies.

      15.      The Defendant reserves the right to assert further or additional affirmative defenses as they become known through discovery.

Respectfully submitted this 11th day of March, 2008.

                TROY KING
                ATTORNEY GENERAL

        **s/ T. Dudley Perry Jr.**
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        General Counsel
        Attorney for the Defendant
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov

        **s/Sancha E. Teele**
        Sancha E. Teele
        Assistant Attorney General
        Bar Number: 0103-H71T
        Attorney for the Defendant
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: 334-215-3803
        Fax: (334) 215-3872
        E-Mail: sancha.teele@dys.alabama.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of March, 2008, I electronically filed the foregoing, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to
the following:

        Elizabeth Bern Spear
        McPhillips, Shinbaum, L.L.P.
        Post Office Box 64
        516 South Perry Street
        Montgomery, AL 36102

        **s/ T. Dudley Perry Jr.**
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        General Counsel
        Attorney for the Defendant