**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

June 10, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:** Thomas Thaggard **v.** State of Alabama Department of Youth Services
**Case Number:** 2:07-cv-483-ID

**Pleading : #29 - Motion for Protective Order and Exhibit 1 - Proposed Protective Order**

**Notice of Correction is being filed this date to advise that the referenced pleading was e-filed on 6/6/2008 with the incorrect heading on the pdf documents.**

**The corrected pdf documents are attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS THAGGARD,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 2:07cv483-ID |
| | * | |
| **STATE OF ALABAMA** | * | |
| **DEPARTMENT OF** | * | |
| **YOUTH SERVICES** | * | |
| | * | |
| Defendant. | * | |

**MOTION FOR PROTECTIVE ORDER**

Comes now the Defendant and requests the entry of a Confidentiality Order. In support whereof, the Defendant submits the following:

1. It is anticipated that the Defendant will produce large volumes of documents during the discovery phase of this litigation and it is anticipated that portions of those documents will be proprietary and/or confidential as contemplated by Fed.R.Civ.P. 26.

2. The Defendant anticipates that pleadings and discovery papers filed by the Plaintiff in this matter, may include reference to documents regarded as confidential and/or proprietary by the Defendant, who produced them, or the Plaintiff otherwise may refer to confidential and proprietary information.

3. The parties have conferred about the entry of a general Confidentiality Order and

toward that end the parties have agreed to certain confidentiality provisions.  Attached hereto as Exhibit A is a copy of the Defendant's proposed confidentiality order.  However, the parties cannot agree regarding paragraphs 11 and 12 of the attached Exhibit A.

4. The Defendant submits that the protection stipulated to by the parties in the form attached hereto as Exhibit A, including the limitation on use of such confidential documents contemplated by proposed paragraphs 11 and 12, is the most appropriate means for protecting the fairness of the judicial and discovery process and avoiding repeated and unnecessary motions for protective orders throughout the course of discovery in this case.  The Plaintiffs' proposed omission of paragraphs 11 and 12 would render the Confidentiality Order meaningless because the Plaintiff could simply make the documents public by attaching them to a pleading. Placing them "under seal" after they have been published will be meaningless.

5. Moreover, Rule 26(c) of the Federal Rules of Civil Procedure provides for entry of the protective order contemplated herein:

WHEREFORE, the Defendant requests an order substantially in the form attached hereto as Exhibit A.

/s/ T. Dudley Perry, Jr._____
T. Dudley Perry, Jr. (PER-034)
General Counsel
Attorney for the Department of Youth Services
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL  36057
334-215-3803

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing upon the below named either by facsimile transmission and by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address this the 6th day of June, 2008.

Julian McPhillips, Esq.
Elizabeth Bern Spear, Esq.
McPhillips Shinbaum, L.L.P.
516 S. Perry St.
Montgomery, Alabama 36104

                                              /s/ T. Dudley Perry, Jr.
                                              OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS THAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| ) | 2:07cv483-ID |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of Defendant State of Alabama Department of &Youth Services ("Department") and Plaintiff Thomas Thaggard ("Plaintiff") by their respective attorneys, it is ORDERED that:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this Order.

3. Any party may designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any confidential, proprietary, personal, or similar information.

4. Parties may designate materials as "CONFIDENTIAL" by either of the following


EXHIBIT A

methods:

    a. by writing, typing, copying or stamping the word "CONFIDENTIAL" (or words to that effect) on the face of any materials upon their initial production to the opposing party;

    b. by written notice to counsel for the opposing party including a description of materials to be designated as "CONFIDENTIAL"; or

    c. by statement on the record in a deposition of hearing that the material is designated as "CONFIDENTIAL".

5. In addition to those items specifically designated as "CONFIDENTIAL", information about:

    a. present or past employees of the Department relating to their address, telephone number, hire dates, termination dates, compensation, benefits, performance, attendance, discipline, termination, grievances, complaints, trade secrets, garnishments, child support orders, divorce decrees, medical records including, but not limited to, records regarding treatment for drug and alcohol us and similar matters; and

    b. production records, business or product plans, staffing, financial information; trade secrets and similar matters shall be considered "CONFIDENTIAL", without the requirement that the Department specifically designate documents containing such information as "CONFIDENTIAL".

6. In the event such "CONFIDENTIAL" material is later introduced into evidence or

considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court.

7. In the event materials are produced herein which, in a party's opinion, should have been, but was not, designated as "CONFIDENTIAL", such party may designate such materials "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL", and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated "CONFIDENTIAL" to begin with.

8. Should a party object to the designation of material as "CONFIDENTIAL" that party shall give written notice of such objection to the other party. Counsel shall then confer to attempt to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order.

9. Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the clerk's office), counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action. The Plaintiff is "any person" within the prohibitions of the preceding sentence, except that Plaintiff's counsel may disclose confidential materials to Plaintiff for purposes relating to this litigation, provided that Plaintiff shall not accept, obtain, be given, or be permitted to obtain photocopies or other reproduction of the information contained in the confidential materials.

10. Notwithstanding the provisions of the preceding paragraph, the parties may

disclose to retained experts and persons who may be called as witnesses in the case during trial or discovery such "Confidential" material that counsel, believe in good faith to be necessary for adequate preparation examination or presentation of the case. Prior to any such disclosure under this paragraph, counsel shall inform the retained expert or the witness of the provisions of this Order and obtain his or her written agreement or agreement on the record to be bound by this Order (to which shall be attached a copy of this Order). Upon request, either party may obtain the other party copies of any such agreements.

11. Should a party find it necessary to lodge or disclose in any pleadings "CONFIDENTIAL" material, the parties shall give the other parties three days' notice of the intent to use such confidential material, in order to allow a motion that such pleadings be sealed by the Court.

12. Should either party find it necessary to use any "CONFIDENTIAL" material in pleadings or at trial, the parties shall attempt to formulate a method of disclosure, which preserves privacy and confidentiality through coding, redaction, or some other procedure.

13. Should the parties be unable to agree upon such a procedure, either party may apply to this Court for further ruling.

14. All "CONFIDENTIAL" material disseminated pursuant to this Order, and all copies made thereof, other than those filed with Court, shall be returned to counsel for the producing party upon written request at the conclusion of this action. The producing party shall reimburse opposing party for postage costs incurred in returning said material.

15. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the

propriety of discovery on other grounds.

16. Nothing contained herein shall be read to limit in any way Mr. Thomas Thaggard's ability to lawfully and truthfully testify pursuant to a subpoena issued by a court of competent jurisdiction at a deposition or trial upon the merits of any claim of which he has personal knowledge.

The Clerk is directed to send copies of this Order to counsel of record.

CONSENTED TO BY:

_____
Elizabeth Bern Spear, Attorney for Plaintiff
McPhillips Shinbaum, L.L.P.
P.O. Box 64
516 South Perry Street
Montgomery, Al. 36102
Counsel for Plaintiff


_____
T. Dudley Perry, Jr.
General Counsel
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL  36057
Counsel for Defendant


Done and ORDERED this _____ day of _____, 2008

_____
UNITED STATES DISTRICT JUDGE