## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS THAGGARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:07-cv-483-ID |
| vs. | ) | |
| | ) | |
| **STATE OF ALABAMA** | ) | |
| **DEPARTMENT OF YOUTH** | ) | |
| **SERVICES** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY REQUESTS

Comes now the Defendant and hereby requests an order directing the Plaintiff to respond to discovery requests. Specifically, Defendant requests an order directing Plaintiff to respond fully and under oath, without objection, to Defendant's Interrogatory numbers 9 and 10, and Request for Production number 21. In addition the Defendant seeks an appropriate order sanctioning the Plaintiff for his failure or refusal to comply with the Rules regarding discovery. In support whereof, the Defendant submits the following:

1. On May 22, 2008, DYS served its first continuing discovery requests on the Plaintiff. (Exhibit 1).

2. Plaintiff did not answer the Defendant's discovery requests until July 8,

2008.  (Exhibit 2).

3.  The responses submitted by the Plaintiff included "canned" objections to each and every discovery request after Interrogatory number 3.  The objections were substantially identical for each and every request.

4.  As more fully specified below, the undersigned counsel for Defendant has attempted without success to resolve this discovery dispute.

### INTERROGATORY NUMBER 9

5.  Defendant's Interrogatory number 9 to the Plaintiff states:

> If you have ever been detained by the police, state the circumstances under which you were detained including the activity in which you were engaged immediately prior to being detained, state the dates, locations, and whether you were subsequently arrested or charged.

6.  Plaintiff's first untimely objection to Interrogatory number 9 stated:

> Plaintiff objects to this request on the grounds that it is overly broad unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation.

7.   On July 17, 2008, counsel for Defendant, having received identical objections and incomplete responses to each and every interrogatory and production request, requested complete responses, including a response to

2

interrogatory 9.  (Exhibit 3).  With regard to Interrogatory 9, the July 17 letter

stated:

> "...your client did not respond.  This interrogatory asks
> whether your client has ever been detained by the police
> and the circumstances under which he was detained,
> including the activity he was engaged in immediately
> prior to being detained, the dates and location of the
> detention.  I need a complete response, without
> objection, to this interrogatory."

8.    On July 25, 2008, the Plaintiff amended his Responses to Defendant's

Interrogatories and Requests for Production. (Exhibit 4).  However with regard to

Interrogatory number 9 the Plaintiff again objected.  The basis of the Plaintiff's

second objection was different from the first objection.  Neither objection was

timely and each is therefore due to be overruled. *(See Fed. R. Civ. P. 33(b),*

stating: "Any ground not stated in a timely objection is waived unless the court,

for good cause, excuses the failure.")

9.  Plaintiff's second objection to interrogatory 9 stated:

> Plaintiff objects to this request on the grounds that it is
> unduly burdensome, irrelevant, duplicative, and not
> reasonably calculated to lead to the discovery of
> admissible evidence.  Plaintiff objects to this request on
> the grounds that it is not limited to a reasonable time and
> therefore unreasonable in scope.  Further, the word
> "detain" is a broad word term which includes to delay, to
> check, to restrain from proceeding, there the term is to

broad to provide an answer since the Plaintiff would
have to remember every time he has ever been stopped in
traffic by a police officer who was controlling traffic.

10.  The Plaintiff sues DYS in this case for not promoting the Plaintiff.  The

testimony establishes that DYS had concerns about of the Plaintiff's exercise of

poor judgment.  Specifically, the Defendant expects Plaintiff will admit that he

was detained by police and charged with possession of marijuana. Plaintiff

contends that the charges were dropped on the basis that the marijuana belonged to

the female in whose company the Plaintiff was at the time of the arrest.  The

Plaintiff also knows well the circumstances under which he was detained on this

occasion, including the activity he was engaged in immediately prior to being

detained, and the dates and location of the detention.  The Defendant submits that

this information is discoverable along with each and every other such incident.

11.  On August 13, 2008, the undersigned again wrote counsel for Plaintiff

and requested full responses, without objections.  The letter stated that the

amended response merely objected to interrogatory number 9. (Exhibit 5). Counsel

for Plaintiff responded by letter dated August 15, 2008, stating in part:

> I regret that you believe our answers to your
> interrogatories are incomplete.  However, it is our
> position, and that of our clients, that we have fully
> responded to all the interrogatories and requests for
> production with all the information my client has
> available to him.

4

(Exhibit 6).

12.  The substance of this request is well understood by both the Plaintiff

and his counsel and Plaintiff cannot in good faith claim he has fully responded or

that he has no information available to him.  Plaintiff's counsel discussed one such

incident on the record during the deposition of DYS Deputy Director Tim Davis,

on July 15, 2008, on pages 34 through 35:

34

```
12  Q   Well, putting aside the interview process
13      that you just mentioned, did you have any
14      problem -- other problems with Tommy as far
15      as his judgment, his character, his behavior
16      here?
17  A   I wondered somewhat about -- a little bit
18      about some character issues, and I don't
19      know factual things.  But I was aware he had
20      some encounters with law enforcement that
21      might have been of some concern to me.
22  Q   All right.  Well, tell me what you were
23      aware of in that regard?
```

35

```
1  A   And this is again very vaguely.  Some
2      arrests concerning maybe he was at a park or
3      something like that, some marijuana
4      possession or something along those lines.
5  Q   Are you aware that the marijuana possession
6      charges against him were completely
7      dismissed?
8  A   No, sir.
9  Q   It turned out that the marijuana belonged to
```

5

10    somebody else, not him.
11  A   Okay.
12  Q   All right.  Anything else besides the
13        marijuana possession charge about him that
14        you had heard?
15  A   I think the park issues might have been
16        related to some conduct with maybe
17        prostitution or something like that.
18  Q   Oh, so, you heard that one too?

13.  The incident was also discussed by Plaintiff's counsel during the

deposition of Wayne Booker, Director of Institutional Services, on July 15, 2008,

at pages 18 through 19:

                              18
3   A   Yes, sir.  He uses poor judgment in a lot of
4        issues.
5   Q   Okay.  Well, tell me about that.  How do you
6        feel that he -- when you say "he lacks poor
7        judgment," you mean he has poor judgment?
8   A   Yes, sir.
9   Q   Okay.  And tell me in what way you consider
10        Mr. Thaggard to have poor judgment.
11  A   Well, he has been arrested on Mobile
12        Highway.
13  Q   For what?
14  A   Soliciting a prostitute, I understand.
15  Q   Was this off the job?
16  A   It was off the job, but it made the papers.
17  Q   When did this make the papers?
18  A   I don't know when it --
19  Q   Okay.  You don't know when this --
20  A   I don't remember the dates, no.
21  Q   Did that cause him to receive any adverse
22        disciplinary consequences here?
23  A   No.  We didn't take any action against him.

19
1  Q    Okay.  You don't remember the date of this?
2  A    No, I don't.
3  Q    All right.  So, this is one instance of poor
4        judgment, even though it was off the job,
5        you admit?
6  A    Yeah.

14.   The Defendant submits that it is entitled to a full written, sworn

response, signed by the Plaintiff to Interrogatory number 9. The Defendant

submits that it is entitled to this response before the Plaintiff's deposition.  The

Parties have agreed to a 40 day continuance of the deadlines and the Defendant

has filed a motion for continuance.  Currently, the Defendant's deadline for

summary judgment is September 2, 2008; however the Plaintiff has not stood for

his deposition.  Defendant submits that the Plaintiff should be sanctioned for his

continued failure or refusal to comply with the Rules regarding discovery.

**INTERROGATORY NUMBER 10**

15.    Defendant's  Interrogatory number 10 to the Plaintiff states:

List the name, address and telephone number of each
individual whom you believe may have information
relevant to the trial of this case and the substance of the
information which each individual is expected to have.

7

16.  Plaintiff's first untimely objection to Interrogatory number

10 stated:

> Plaintiff objects to this request on the grounds that it is
> overly broad, unduly burdensome, irrelevant,
> duplicative, calls for legal and/or medical conclusion, not
> reasonably calculated to lead to the discovery of
> admissible evidence and seeks information that is
> protected by the attorney-client privilege, attorney-work
> product doctrine and/or information prepared in
> anticipation of litigation.  Without waiving the said
> objection, Plaintiff has covered this question in number
> 5, in addition to Walter Wood and G. Wayne Booker,
> which are employed by Defendant.

17.     On July 17, 2008, counsel for Defendant, having received identical

objections and incomplete responses to each and every interrogatory and

production request, requested complete responses, including a response to

interrogatory 10.  (Exhibit 3).  With regard to Interrogatory 10, the July 17 letter

stated:

> Interrogatory number 10 is essentially identical to the
> [initial] disclosure requirement to identify individuals
> who may testify and have information relevant to the
> case.  I need a complete response, without objection.

18.  Plaintiff amended his responses on July 25, 2008.  (Exhibit 4).

However, in regard to Interrogatory number 10, the amended response was

incomplete.

8

The Plaintiff's second untimely response to interrogatory 10 was as follows:

> As listed in Plaintiff Thomas Thaggard's Initial Disclosures, Plaintiff believes that the following may have information relevant to the trial all of which are presently employed by Defendant or formerly employed with Defendant: Victor Black (Youth Services Specialist for the Defendant); Marvin Hardley (Former Youth Services Specialist for the Defendant); Robert Lee (Youth Service Specialist for Defendant); Debra Spann (Personnel Manager for Defendant); Tim Davis (Deputy Director for Defendant); Catherine Spillers (Campus Administrator for Defendant); Joe Pinkard (Campus Administrator for Defendant); Phyllis Rankins (Youth Service Specialist for Defendant); Jim Tyler (Youth Services Specialist for Defendant); J. Walter Wood (Executive Director for Defendant); G. Wayne Booker (Director of Institutional Services for Defendant); Albert Dorn (employee of Defendant); Arnea Linden (Youth Services Specialist for Defendant); James White (Youth Services Specialist for Defendant); Lawrence Webster (Counselor for Defendant; Cornelius Bryant (Former Employee for Defendant).

19. As the above response shows on its face, the Plaintiff failed or refused to identify the subjects (or substance) of the information he claims each of the above identified individuals may have which Plaintiff may use to support his claims in this case. This requirement is not only included in the body of Defendant's Interrogatory 10, but is a requirement pursuant to Fed.RCiv.P 26 concerning initial disclosures.

20. On August 13, 2008, the undersigned again wrote counsel for Plaintiff and requested full responses, without objections. (Exhibit 5). The letter stated that the Plaintiff "failed to fully answer Interrogatory number 10 by refusing to identify

the substance of the information the witnesses are supposed to have." Counsel for

Plaintiff responded by letter dated August 15, 2008, stating in part:

> I regret that you believe our answers to your
> interrogatories are incomplete. However, it is our
> position, and that of our clients, that we have fully
> responded to all the interrogatories and requests for
> production with all the information my client has
> available to him.

(Exhibit 6).

21. The Defendant submits that it is entitled to a full written, sworn

response, signed by the Plaintiff to Interrogatory number 10. The Defendant

submits that it is entitled to this response before the Plaintiff's deposition. The

Parties have agreed to a 40 day continuance of the deadlines and the Defendant

has filed a motion for continuance. Currently, the Defendant's deadline for

summary judgment is September 2, 2008; however the Plaintiff has not stood for

his deposition. Defendant submits that the Plaintiff should be sanctioned for his

continued failure or refusal to comply with the Rules regarding discovery.

## REQUEST FOR PRODUCTION 21

22. Defendant's Request for Production number 21 to Plaintiff states:

> Produce copies of each and every document, as defined
> above, which you have made during the past ten years
> which records any events, transactions, observations,
> personal actions, reflections or feelings. The purpose of
> this request is to obtain copies of all diaries, notes, or

journals you have created.

23.  Plaintiff's first untimely objection to request 21 stated:

> Plaintiff objects to this request on the grounds that it is
> overly broad, unduly burdensome, irrelevent,
> duplicative, calls for legal and/or medical conclusion, not
> reasonably calculated to lead to the discovery of
> admissible evidence and seeks information that is
> protected by the attorney-client privilege, attorney-work
> product doctrine and/or information prepared in
> anticipation of litigation.

24.  On July 17, 2008, counsel for Defendant, having received

identical objections and incomplete responses to each and every

interrogatory and production request, requested complete responses,

including a response to request for production 21.  (Exhibit 3).  With regard

to request 21, the July 17 letter stated:

> Production requests numbers 21... were objected to and not
> answered other than the objections.

25.  On July 25, 2008, the Plaintiff amended his discovery responses.

(Exhibit 4).  However in response to production request 21, the Plaintiff

submitted a different untimely objection.  The Plaintiff's second untimely

objection stated:

> Plaintiff objects to this request on the grounds that it is
> overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible
evidence.  Without waiving the said objection, Plaintiff
does not have any.

26.  On August 13, 2008, counsel for Defendant again wrote counsel for

Plaintiff and requested complete responses.  The letter stated that the Plaintiff

"objected to Request for Production number 21-which sought Mr. Thaggard's

diaries, notes and journals." (Exhibit 5).

27.  Plaintiff counsel's response was as follows: "...we have fully responded

to all the interrogatories and requests for production with all the information [Mr.

Thaggard] has available to him. We have not withheld any diaries, notes or

journals.  He simply does not have them."

28.  This request seeks the Plaintiff's written notes and diaries reflecting

facts relevant to the Plaintiff's claims in this case.  The Plaintiff has changed his

position from objecting to the discoverability of the documents to claiming they do

not exist.  The Defendant finds it incredible that the Plaintiff has no records

whatsoever documenting facts and events he claims are relevant to this case.  In

any event, the Defendant is entitled to a response from the Plaintiff, without

objection, before the Plaintiff's deposition.

**WHEREFORE** the Defendant requests an order directing the Plaintiff to

respond to Interrogatories 9 and 10, and Request for Production 21, without

12

objection.  Defendant also requests an order entering appropriate sanctions for the

Plaintiff's failure or refusal to comply with the Federal Rules regarding discovery.

Respectfully submitted

**s/ T. Dudley Perry, Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th of August 2008, I electronically filed the forgoing **Motion to Compel Responses to Written Discovery Requests**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Julian L. McPhillips
Elizabeth Bern Spear
McPhillips, Shinbaum, L.L.P.
Attorneys and Counselors at Law
516 South Perry Street
Montgomery, Alabama 36104

s/T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
General Counsel
Alabama Department of Youth
Services

13

# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 1

IN THE DISTRICT COURT OF THE UNITED STATE FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS THAGGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 2:07cv483-ID |
| v. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| YOUTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ALABAMA DEPARTMENT OF YOUTH SERVICES'
## FIRST CONTINUING INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 33, and 34, Federal Rules of Civil Procedure, the Alabama Department of Youth (hereinafter referred to as "Defendant") request that Tommy Thaggard (hereinafter referred to as "Plaintiff"), answer separately and fully under oath the following interrogatories and produce and permit the Defendant to inspect and copy each of the following documents. In answering these requests, furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely information known of your own personal knowledge. If you cannot answer any particular request in full, after exercising due diligence to secure the information, both state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories that follow are to be considered as continuing, and you are to provide by way of supplementary answers, such additional information as you or any other person acting on your behalf may hereafter obtain, which will augment or otherwise modify your answers. You are



EXHIBIT
1

requested to update and supplement any responses made herein whenever you receive additional information.

## DEFINITIONS

As used herein, the following terms shall be the meanings indicated below:

"Document" or "documents" is used in its customary broad sense and includes the original, draft, and each copy of every kind of writing and recording, all photographs and graphic matters printed or reproduced by any process, or written or produced by hand, whether or not claimed to be privileged or otherwise not subject to discovery, including but not limited to, writings, drawings, drafts, charts, sketches, photographs, notes, memoranda, records, reports, papers, books, journals, inter-office communications, intra-office communications, letters, diaries, video tapes, motion pictures, video recordings, sound recordings, invoices, correspondence, communications, tape recordings, computer generated and/or maintained records and/or data summaries and recordings of personal conversations, recordings or meetings, summaries and reports of interviews, summaries and reports of investigations, transcripts, notations, work papers, taped or other recordings of telephone conversations, desk calendars, appointment books, expense and travel records, telephone lists, computer printouts, and any device form which information can be obtained and any other documents as defined in Rule 34 of the Rules of Civil Procedure of any kind or character in your possession, custody or control, or in the possession, custody or control of another to whom you have given possession, custody or control, wherever located or known by you to exist.

If any document requested to be produced was, but is no longer, in your possession or control, or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, © transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of

and in each instance explain the circumstances surrounding the authorization for such disposition thereof and state the approximate date thereof.

"Identify" or "identification", when used with reference to a person, shall mean to state the full name and present or last known address and telephone number of said person, current place of employment, employer's address and telephone number, and position held or job title.

"Identify" or "identification", when used with reference to a document, shall mean to state its title and date, author or signer, addresses, type of document, and all other means of identifying it, its present or last known location or custodian, and a brief description of its contents. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition, as explained above. In lieu of identifying any document, you may attach a copy of the document and specifically identify which interrogatory(ies) it responds or relates to.

"Describe", "explain", or "state", means to state in narrative form a complete description of the thing or activity about which inquiry is made, and where applicable state dates, names of persons, and locations associated with the thing or activity described.

"Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, and any other kind of entity.

"You" or "your" means and refers to yourself individually, and any of your agents or persons acting on your behalf.

d.  the substance of the facts and opinions to which he or she is expected to testify; and

e.  a summary of the grounds for each opinion.

4.  If you have obtained a statement from any person regarding this case, identify each person who gave the statement, and indicate whether such statement was oral or written.

5.  List each and every adverse employment action you allege was taken against you on which this case is based and identify each individual you claim made the decision for such action.

6.  State the facts upon which you base your claim that the individuals referenced in the immediately preceding interrogatory acted with discriminatory intent and identify each and every document that evidences those facts.

7. If you have any mental, physiological, psychological or emotional condition, disorder, disease or illness, whether or nor you have ever received any treatment or counseling, explain each such mental, physiological or emotional condition, disorder, disease or illness.

8. If you have ever been convicted of any criminal offense, including traffic offenses unrelated to the facts herein, state the dates, locations and substance of each such conviction.

9. If you have ever been detained by the police, state the circumstances under which you were detained including the activity in which you were engaged immediately prior to being detained, state the dates, locations, and whether you were subsequently arrested or charged.

10. List the name, address and telephone number of each individual whom you believe may have information relevant to the trial of this case and the substance of the information which each individual is expected to have.

11. Identify any and all documents obtained from a third party, witness or potential witness in this case.

12. Identify each and every claim, complaint, or charge you filed with any governmental agency that involved any material allegations made in the Complaint, stating the date on which each was filed, the name of the agency, and the number assigned to the claim, complaint or charge.

13. Explain in detail each and every contention regarding the alleged discrimination by the Defendant which is the subject of this case. In answering this interrogatory, specifically describe your contentions, if any, how the Defendant discriminated against you, who you contend discriminated against you, the dates of each discriminatory act, and a description of each such discriminatory act.

14. If you attribute any loss of income, benefit, or earning capacity to any adverse employment action, state the total amount of income, benefit, or earning capacity and explain how it was calculated, and state whether you will lose any income or earning capacity in the future, and if so, how it was calculated.

15. If you have attempted to minimize your loss of income or earning capacity, explain in detail how.

16. If you attribute any physical, mental or emotional injuries to any adverse employment action in this case, identify each such physical, mental or emotional injury.

17. Identify each and every health care provider, including but not limited to mental health care, you have consulted within the past 10 years, stating the name, address, and telephone number, the type of consultation, examination or treatment provided, and the dates of each such consultation.

18. If any health care provider advised you that you may require treatment in the future for any physical, mental or emotional injury you claim to have sustained as a result of any adverse employment action on which this case is based, identify each such care provider by name and address.

19. If you have ever filed a lawsuit before this case, state the date and place of the incident(s) on which each such lawsuit was based, the name and address of the party against whom each such lawsuit was filed, the court in which the case was filed and the number assigned to the case, and state how the lawsuit was resolved.

20. Please state whether, during the past 10 years, you have had in your possession:

    a. intoxicating liquors

    b. marijuana

    c. narcotics

    d. any other prescription or non-perscription drugs

## REQUESTS FOR PRODUCTION

21. Produce copies of each and every document, as defined above, which you have made during the past ten years which records any events, transactions, observations, personal actions, reflections or feelings.  The purpose of this request is to obtain copies of all diaries, notes, or journals you have created.

22. Produce all statements, tapes, notes of interviews, written reports, notes of oral reports, or any other record involving each expert witness who may testify on your behalf.

23.  Produce copies of each and every bill for medical services you have incurred for treatment regarding any injury for which you claim you are entitled to damages in this case.

24.  Produce all witness statements, tapes, notes of interviews, written reports, notes of oral reports, or any other record involving witnesses who may testify in the trial of this case.

25.  Produce copies of any and all documents obtained from a third party, witness or potential witness in this case.

26.  Produce all documents that may be introduced as evidence at the trial of this case.

27. Please attach to your answers a copy of each article or text that has been written by your expert.

28. Produce a copy of each and every document addressed to the Defendant which relates to the subject matter of this case.

30. Produce a copy of each and every document that you claim supports your contention that the Defendant discriminated against you in any way on which you base this case.

31. Produce a copy of each and every document that supports each and every answer to the preceding interrogatories.

32. Produce all photographs, movies or videotapes which support any claim you are making in this lawsuit.

Dated this 22nd day of May, 2008

T. Dudley Perry, Jr. (PER034)
General Counsel
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below named by facsimile transmission, electronic filing and by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address this the _____ day of May, 2008.

Elizabeth Bern Spear
McPhillips, Shinbaum, L.L.P
Post Office Box 64
516 South Perry Street
Montgomery, AL 36102

T. Dudley Perry, Jr.

# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| THOMAS THAGGARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 2:07cv483-ID |
| | * | |
| STATE OF ALABAMA | * | |
| DEPARTMENT OF YOUTH | * | |
| SERVICES, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF**

**COMES NOW** Plaintiff Tommy Thaggard and responds to Defendant Department of Youth Services' First Interrogatories to Plaintiff as follows:

1.  Identify each person who assisted or participated in preparing and/or supplying information given in answer or response to, or relied upon in preparing answers and/or responses to these interrogatories and requests.

**RESPONSE:** *Plaintiff responded with the assistance of his attorneys and their staff.*

2.  If the information furnished in response to any request herein is not within the personal knowledge of the person answering, identify each request by number and provide the name and identification of each person to whom such information is a matter of personal knowledge.

**RESPONSE:** *There are none.*

3.  If you have employed, or if you employ, and expert, other than an attorney, to act on your behalf with respect to any matter resulting from the facts which are the basis of this lawsuit, identify each such expert by name, business address, residence, and field of specialization specifying:

    a.  Whether he or she is expected to testify at trial;

EXHIBIT

**2**

  b. The dates on which any statements were taken from said expert;

  c. The subject matter on which he or she is expected to testify;

  d. The substance of the facts and opinions to which he or she is expected to testify; and

  e. A summary of the grounds for such opinion.

**RESPONSE**: *Plaintiff has not employed an expert at this time.*

 4. If you have obtained a statement from any person regarding this case, identify each person who gave the statement, and indicate whether such statement was oral or written.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has not obtained any such statements at this time.*

 5. List each and every adverse employment action you allege was taken against you on which this case is based and identify each individual you claim made the decision for such action.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, in 1987, Defendant promoted Plaintiff Thaggard to the position of Counselor I. In 2006, a position for Youth Service Specialist became available, which is a higher position than Plaintiff Thaggard's current position of Counselor I. In May 2006, Plaintiff Thaggard received a letter from Debra L. Spann, Personnel Manager for the DYS, which stated that Plaintiff Thaggard had been certified for consideration for the position of Youth Services*

*Specialist and that his rank was Band 1 (Tied with 5). Plaintiff Thaggard was not chosen for the position of Youth Services Specialist. Defendant instead selected Victor Black, effective September 1, 2006. Mr. Black is a younger African-American male with no master's degree, and has been employed with Defendant far shorter than Plaintiff. As to this position, Plaintiff was interviewed by Defendant's employees, Tim Davis and Janice Lewis, who are African-American. Defendant has demonstrated its continuing practice of race discrimination in favor of African-Americans and younger individuals, in that, the last five people promoted to Youth Service Specialist have all been African-American and younger than the Plaintiff. Defendant failed to promote Plaintiff in retaliation for filing charges of discrimination against DYS in March of 2006 and in 1997.*

*Then, in February of 2007, another job position for Youth Service Specialist became available, which is higher than the current position held by Plaintiff Thaggard. On February 7, 2007, Plaintiff received a letter from Debra L. Spann, Personnel Manager for the Department of Youth Services, which stated that the Plaintiff had been certified for consideration for the position of Youth Services Specialist and that the Plaintiff's rank was Band 1 (Tied with 26). The Department chose Arnea Linden and James White, effective March 6, 2007. Ms. Linden and Mr. White are both younger African-Americans. Plaintiff has more seniority than both Ms. Linden and Mr. White. Again, Tim Davis interviewed Plaintiff.*

6.   State the facts upon which you base your claim that the individuals referenced in the immediately proceeding interrogatory acted with discriminatory intent and identify each and every document that evidences those facts.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has personal knowledge of the*

*foregoing and/or Defendant has documentation or personal knowledge of the said facts. Please see response to the preceding interrogatory and documents produced.*

7.  If you have any mental, physiological, psychological or emotional condition, disorder, disease or illness, whether or nor you have ever received any treatment or counseling, explain each such mental, physiological or emotional condition, disorder, disease or illness.

RESPONSE: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff is of the opinion that he does not suffer from any such disorder, disease or illness at this time.*

8.  If you have ever been convicted of any criminal offense, including traffic offenses unrelated to the facts herein, state the dates, locations and substance of each such conviction.

RESPONSE: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff received a ticket in Montgomery County, (no seatbelt) TR-2000-007405.00. Plaintiff received a ticket in Montgomery County, Fishing without a licence ticket, DC-1987-001653.00.*

9.  If you have ever been detained by the police, state the circumstances under which you were detained including the activity in which you were engaged immediately prior to being detained, state the dates, location, and whether you were subsequently arrested to charged.

RESPONSE: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not*

*reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation.*

10. List the name, address and telephone number of each individual whom you believe may have information relevant to the trial of this case and the substance of the information which each individual is expected to have.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has covered this question in number 5, in addition to Walter Wood and G. Wayne Booker, which are employed by Defendant.*

11. Identify any and all documents obtained from a third party, witness or potential witness in this case.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has none.*

12. Identify each and every claim, complaint, or charge you filed with any governmental agency that involved any material allegations made in the Complaint, starting the date on which each was filed, the name of the agency, and the number assigned to the claim, complaint or charge.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work*

*product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has filed charges of discrimination and suits against Defendant, all of which Defendant has.*

13.    Explain in detail each and every contention regarding the alleged discrimination by the Defendant which is the subject of this case. In answering this interrogatory, specifically describe your contentions, if any, how the Defendant discriminated against you, who you contend discriminated against you, the dates of each discriminatory act, and a description of each such discriminatory act.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, please see the response to interrogatory number five.*

14.    If you attribute any loss of income, benefit, or earning capacity to any adverse employment action, state the total amount of income, benefit, or earning capacity and explain how it was calculated, and state whether you will lose any income or earning capacity in the future, and if so, how it was calculated.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has suffered and continues to suffer financially from not receiving a promotion for over twenty years and being capped out in pay scale and bonuses.*

15.    If you have attempted to minimize your loss of income or earning capacity, explain in detail how.

**RESPONSE**: *Plaintiff objects to this request on the grounds that it is overly broad, unduly*

*burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Plaintiff continues to try and attain a promotion whenever one has been available.*

16.    If you have attribute any physical, mental or emotional injuries to any adverse employment action in this case, identify each such physical, mental or emotional injury.

RESPONSE:  *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has endured pain and suffering from not being promoted for over twenty years.*

17.    Identify each and every health care provider, including but not limited to mental health care, you have consulted within the past 10 years, stating the name, address, and telephone number, the type of consultation, examination or treatment provided, and the dates of each such consultation.

RESPONSE:  *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving said objection, to the best of Plaintiff's ability, Plaintiff has been treated by the following, which is not an inclusive listing: 1. Several years ago Plaintiff suffered for a heart attack and was treated by Dr. Luqua Amed (Cardiologist) and at Baptist South. 2. Several years ago for depression and was treated at Alabama Psychological Services, Meadhaven, and Jackson, and 3. Plaintiff had jaw surgery for under bite performed by Dr. John Matthews.*

18.     If any health care provider advised you that you may require treatment in the future for any physical, mental or emotional injury you claim to have sustained as a result of any adverse employment action on which this case is based, identify each such care provider by name and address.

RESPONSE:  *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has not.*

19.     If you have ever filed a lawsuit before this case, state the date and place of the incident(s) on which each such lawsuit was based, the name and address of the party against whom each such lawsuit was filed, the court in which the case was filed and the number assigned to the case, and state how the lawsuit was resolved.

RESPONSE:  *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation. Without waiving the said objection, Plaintiff has been involved with a suit against the State of Alabama Department of Youth Services and Plaintiff filed a small claim suite in Montgomery County, Thomas Thaggard vs. Angie Culotta, Case Number SM-1993-003705.00, which resulted in a default judgment.*

20.     Please state whether, during the past 10 years, you have had in your possession:
        a       intoxicating liquors
        b       marijuana
        c       narcotics
        d       any other prescription or non-prescription drugs

RESPONSE:  *Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, duplicative, calls for legal and/or medical conclusion, not*

*reasonably calculated to lead to the discovery of admissible evidence and seeks information that is protected by the attorney-client privilege, attorney-work product doctrine and/or information prepared in anticipation of litigation.*

Dated this ___3rd___ day of July, 2008.

_Tommy Thaggard_
Tommy Thaggard

**STATE OF ALABAMA** )
**MONTGOMERY COUNTY** )

Before me, the undersigned authority, a Notary Public in and for said state and county, personally appeared Tommy Thaggard, who is known to me, and who, being by me first duly sworn, deposes and says on oath that the matters and things alleged in the foregoing are true and correct.

**SWORN TO and SUBSCRIBED** before me this the 3rd day of July, 2008.

_Chelso Hudson Cooper_
NOTARY PUBLIC
My commission expires: _7-3-08_

_Julian L. McPhillips, Jr._
JULIAN L. MCPHILLIPS, JR. (MCP004)
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 South Perry St.
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Fax: (334) 263-2321

Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below named either by hand delivery, facsimile transmission, electronic filing and/or by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address this the _8th_ day of July, 2008.

T. Dudley Perry, Jr., Esq.
Sancha E. Teele, Esq.
Assistant Attorney Generals
Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057

Of Counsel

# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 3

STATE OF ALABAMA

# DEPARTMENT OF YOUTH SERVICES

**BOB RILEY**
GOVERNOR

POST OFFICE BOX 66
MT. MEIGS, ALABAMA 36057

**J. WALTER WOOD, JR.**
EXECUTIVE DIRECTOR

July 17, 2008

Julian McPhillips
McPhillips Shinbaum, L.L.P.
516 South Perry Street
P. O. Box 64
Montgomery, AL 36101

RE:    Thomas Thaggard, V. Alabama Department of Youth Services
       2:07-cv-483-ID

Dear Julian:

I am in receipt of the Plaintiff's discovery responses in the above referenced case. According to the certificate of service, they were served on July 8, 2008. As we discussed yesterday and Monday, your client objected to every discovery request after number 3. The objections for each request were identical. Canned objections to every substantive discovery request does not strike me as reasonable or in good faith. I must insist on an actual response, within 7 days, to each and request without objection, including each interrogatory and request for production. The deficiencies are specifically discussed below:

With regard to interrogatory number 4, you are simply asked to identify the people from whom statements are obtained. After objecting, your client stated there are none. Therefore, no privilege log would have been required. However, under the rules your client will have a continuing obligation to amend this interrogatory if and when statements are taken. I therefore need a response without objection and I remind you that you will be under a continuing obligation to amend or submit a privilege log. Frankly, a privilege log would respond to the substance of the interrogatory.

Regarding number 5, my client is entitled to complete discovery of your client's alleged adverse employment actions. His response to number 4 appears to be complete except for the objection. If that is correct then all I need is an answer without the objection to confirm that the answer is complete.

Your client's response to number 6 was a non-response. Interrogatory 6 seeks discovery of the "facts upon which [your client] bases [his] claim that the individuals referenced in the immediately preceding interrogatory acted with discriminatory intent", and seeks the documents

EXHIBIT
3
tabbies

which support those facts. I must have a response to this interrogatory without objection.

Regarding number 7 and 8 your client's responses appear complete. If so, all I need is answers without objections.

Regarding number 9, your client did not respond. This interrogatory asks whether your client has ever been detained by the police and the circumstances under which he was detained, including the activity he was engaged in immediately prior to being detained, the dates and location of the detention. I need a complete response, without objection, to this interrogatory.

Interrogatory number 10 is essentially identical to the initial disclosure requirement to identify individuals who may testify and have information relevant to the case. I need a complete response, without objection.

Regarding number 11, your client's response appears complete. If so, all I need is an answer without objection to confirm that it is complete.

Number 12 seeks identification of each and every claim, complaint, or charge filed with any governmental agency, stating the date on which each was filed, the name of the agency, and the number of each claim or charge. The response simply restates the premise of the interrogatory, specifically that "Plaintiff has filed charges of discrimination and lawsuits against the Defendant." As you know, the exhaustion of administrative remedies is a material element of your client's claim. I need a complete response, without objection, to sharpen the issues.

Number 13 appears to include a complete description of your client's contentions. If so, all I need is a response without the objection to confirm that the response is complete.

Number 14 seeks your client's calculations for lost income, benefits, or earning capacity. His obviously insufficient response states that he "suffered and continues to suffer financially from not receiving a promotion for over twenty years and being capped out in pay scale and bonuses." This information was also required by the rules regarding initial disclosures. I need this information without the objection. Otherwise in my motion to compel I will ask for sanctions to prevent seeking damages covered by this interrogatory and the initial disclosure rules.

Numbers 15 and 16 appear to include a complete. If so, all I need is responses without the objections.

Number 17 seeks the identity, including name, address, and telephone number, of health care providers your client has seen within the past 10 years, stating the type of consultation, examination or treatment provided, and the dates of each. Your client's response fails to include sufficient information to identify the health care providers. I need sufficient information to issue subpoenas for the records.

The response to interrogatories numbers 18 and 19 appear to be complete.  If so, all I need is responses without objections.

Interrogatory number 20 was unanswered other than the untimely objection.  I need an answer without objection.

Production requests numbers 21, 24, 28,  were objected to and not answered other than the objections.

Production requests numbers 22, 23, 27, and 32 appear to have been complete.  However, under the rules your client will have a continuing obligation to amend this response if and when responsive documents are obtained. I therefore need a response without objection.

Your responses to production requests numbers 25, 30 and 31 refer to response number 26.  However, response number 26 is insufficient for several reasons.  It includes an objection, it states the documents will not be produced until required by the scheduling order, and it refers to "attached" yet no documents were attached.  Finally,  response number 26 refers to the "initial disclosures and the documents Defendant produced in responses to Plaintiff's discovery requests, specifically Plaintiff's performance appraisal evaluations."  It is unclear whether the only documents from the initial disclosures and documents my client produced is the performance appraisals, and if so, which ones.  I therefore need a complete response without the objection, identifying each document responsive to each request.

As we discussed, I would appreciate complete responses to all the above requests.  Please do so within 7 days and avoid the necessity of a motion to compel.  If you wish to discuss this or any other matter please do not hesitate to give me a call.

Very truly yours,

T. Dudley Perry, Jr.
General Counsel

TDPJr/pic

cc: Sancha Teele

3

# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS THAGGARD,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. 2:07cv483-ID** |
| | * | |
| **STATE OF ALABAMA** | * | |
| **DEPARTMENT OF YOUTH** | * | |
| **SERVICES,** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF**

**COMES NOW** Plaintiff Tommy Thaggard and hereby amends his response to Defendant Department of Youth Services' First Interrogatories to Plaintiff as follows:

1. Identify each person who assisted or participated in preparing and/or supplying information given in answer or response to, or relied upon in preparing answers and/or responses to these interrogatories and requests.

**RESPONSE: Plaintiff responded with the assistance of his attorneys and their staff.**

2. If the information furnished in response to any request herein is not within the personal knowledge of the person answering, identify each request by number and provide the name and identification of each person to whom such information is a matter of personal knowledge.

**RESPONSE: There are none.**

3. If you have employed, or if you employ, and expert, other than an attorney, to act on your behalf with respect to any matter resulting from the facts which are the basis of this lawsuit, identify each such expert by name, business address, residence, and field of specialization specifying:

    a.    Whether he or she is expected to testify at trial;

    b.    The dates on which any statements were taken from said expert;


EXHIBIT
4

c.    The subject matter on which he or she is expected to testify;

d.    The substance of the facts and opinions to which he or she is expected to testify; and

e.    A summary of the grounds for such opinion.

**RESPONSE:** **Plaintiff has not employed an expert at this time.**

4.    If you have obtained a statement from any person regarding this case, identify each person who gave the statement, and indicate whether such statement was oral or written.

**RESPONSE:** **Plaintiff has obtained the following statements not directly related to the case, but is producing: from Albert Dorn, which is attached to amended initial disclosures, marked P60-61, and from Bobby Long, which is attached to amended initial disclosures, marked P38. Also, please see any documents attached to amended initial disclosures.**

5.    List each and every adverse employment action you allege was taken against you on which this case is based and identify each individual you claim made the decision for such action.

**RESPONSE:** **In 1987, Defendant promoted Plaintiff Thaggard to the position of Counselor I. In 2006, a position for Youth Service Specialist became available, which is a higher position than Plaintiff Thaggard's current position of Counselor I. In May 2006, Plaintiff Thaggard received a letter from Debra L. Spann, Personnel Manager for the DYS, which stated that Plaintiff Thaggard had been certified for consideration for the position of Youth Services Specialist and that his rank was Band 1 (Tied with 5). Plaintiff Thaggard was not chosen for the position of Youth Services Specialist. Defendant instead selected Victor Black, effective September 1, 2006. Mr. Black is a younger African-American male with no master's degree, and has been employed with Defendant far shorter than Plaintiff. As to this position, Plaintiff was interviewed by Defendant's employees, Tim Davis and Janice Lewis, who are African-American. Defendant has demonstrated its continuing practice of race discrimination in favor of**

African-Americans and younger individuals, in that, the last five people promoted to Youth Service Specialist have all been African-American and younger than the Plaintiff. Defendant failed to promote Plaintiff in retaliation for filing charges of discrimination against DYS in March of 2006 and in 1997. Then, in February of 2007, another job position for Youth Service Specialist became available, which is higher than the current position held by Plaintiff Thaggard. On February 7, 2007, Plaintiff received a letter from Debra L. Spann, Personnel Manager for the Department of Youth Services, which stated that the Plaintiff had been certified for consideration for the position of Youth Services Specialist and that the Plaintiff's rank was Band 1 (Tied with 26). The Department chose Arnea Linden and James White, effective March 6, 2007. Ms. Linden and Mr. White are both younger African-Americans. Plaintiff has more seniority than both Ms. Linden and Mr. White. Again, Tim Davis interviewed Plaintiff.

6.   State the facts upon which you base your claim that the individuals referenced in the immediately proceeding interrogatory acted with discriminatory intent and identify each and every document that evidences those facts.

RESPONSE:  Plaintiff avers that for each promotion available that he was not chosen for was due to his race, age and/or in retaliation for filing previous charges of discrimination. Plaintiff has produced any and all documents in the amended initial disclosures and response to production of documents that could evidence this fact.

7.   If you have any mental, physiological, psychological or emotional condition, disorder, disease or illness, whether or nor you have ever received any treatment or counseling, explain each such mental, physiological or emotional condition, disorder, disease or illness.

RESPONSE:  Plaintiff is of the opinion that he does not suffer from any such disorder, disease or illness at this time.

8.   If you have ever been convicted of any criminal offense, including traffic offenses unrelated to the facts herein, state the dates, locations and substance of each such

conviction.

**RESPONSE:** **Plaintiff received a ticket in Montgomery County, (no seatbelt) TR-2000-007405.00. Plaintiff received a ticket in Montgomery County, Fishing without a licence ticket, DC-1987-001653.00.**

9.      If you have ever been detained by the police, state the circumstances under which you were detained including the activity in which you were engaged immediately prior to being detained, state the dates, location, and whether you were subsequently arrested to charged.

**RESPONSE:** **Plaintiff objects to this request on the grounds that it is unduly burdensome, irrelevant, duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that it is not limited to a reasonable time and therefore unreasonable in scope. Further, the word "detain" is a broad word term which includes to delay, to check, to restrain from proceeding, there the term is to broad to provide an answer since the Plaintiff would have to remember every time he has ever been stopped in traffic by a police officer who was controlling traffic.**

10.     List the name, address and telephone number of each individual whom you believe may have information relevant to the trial of this case and the substance of the information which each individual is expected to have.

**RESPONSE:** **As listed in Plaintiff Thomas Thaggard's Initial Disclosures, Plaintiff believes that the following may have information relevant to the trial all of which are presently employed by Defendant or formerly employed with Defendant: Victor Black (Youth Service Specialist for the Defendant); Marvin Hardley (Former Youth Service Specialist for the Defendant); Robert Lee (Youth Service Specialist for Defendant); Debra Spann (Personnel Manager for Defendant); Tim Davis (Deputy Director for Defendant); Janice Lewis (Campus Administrator for Defendant); Catherine Spillers (Campus Administrator for Defendant); Joe Pinkard (Campus Administrator for Defendant); Phyllis Rankins (Youth Service Specialist for Defendant); Jim Tyler (Youth Service**

Specialist for Defendant); J. Walter Wood (Executive Director for Defendant); G. Wayne Booker (Director of Institutional Services for Defendant); Albert Dorn; (Employee of Defendant); Arnea Linden (Youth Service Specialist for Defendant) James White (Youth Service Specialist for Defendant); Lawrence Webster (Counselor for Defendant); Cornelius Bryant (Former Employee for Defendant).

11. Identify any and all documents obtained from a third party, witness or potential witness in this case.

**RESPONSE: Plaintiff has obtained the following statements not directly related to the case, but is producing: from Albert Dorn, which is attached to amended initial disclosures, marked P60-61, and from Bobby Long, which is attached to amended initial disclosures, marked P38. Also, please see any documents attached to amended initial disclosures.**

12. Identify each and every claim, complaint, or charge you filed with any governmental agency that involved any material allegations made in the Complaint, starting the date on which each was filed, the name of the agency, and the number assigned to the claim, complaint or charge.

**RESPONSE: Plaintiff has filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission's Birmingham District Office, Charge Number 420-2006-04787, dated and filed September 11, 2006. On May 14, 2007, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission's Birmingham District Office, Charge Number 420-2007-02958. On March 9, 2006, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission's Birmingham District Office, Charge Number 420-2006-01275.**

13. Explain in detail each and every contention regarding the alleged discrimination by the Defendant which is the subject of this case. In answering this interrogatory, specifically describe your contentions, if any, how the Defendant discriminated against you, who you contend discriminated against you, the dates of each

discriminatory act, and a description of each such discriminatory act.

RESPONSE: **Please see the response to interrogatory number five.**

14.     If you attribute any loss of income, benefit, or earning capacity to any adverse employment action, state the total amount of income, benefit, or earning capacity and explain how it was calculated, and state whether you will lose any income or earning capacity in the future, and if so, how it was calculated.

RESPONSE: **Plaintiff has lost a minimum of $6,255.80 in back pay at the present time as it continues to increase in the future, which Plaintiff has calculated as follows: If Plaintiff had received the promotion to Youth Service Specialist effective on September 1, 2006, his pay would have typically gone up two steps. At that time, he was earning Step 18 of Youth Services Counselor I (his present position) at the bi-weekly rate $1,831.80, which would be Step 13 on the Youth Services Specialist pay scale. If he had gone up two steps, he would have been receiving Step 15 bi-weekly pay rate of $1,922.60. This would be an increase in pay of $90.80 bi-weekly. For six months, approximately from September 2006 until February 2007, Plaintiff lost $1,089.60 in pay, which is $90.80 multiplied by 12 bi-weekly pay periods.**

**After six months, he would be eligible for a one step pay raise, which would put Plaintiff at Step 16 bi-weekly pay rate of $1,969.60. This would be an increase in pay of $137.80 bi-weekly. Plaintiff would not be eligible for a pay raise until his next evaluation, approximately one year later. Therefore, for one year approximately March 2007- February 2008, Plaintiff lost $3,307.20, which is $137.80 multiplied by 24 bi-weekly pay periods.**

**After one year, he would be eligible for a one step pay raise, which would put Plaintiff at Step 17 bi-weekly pay rate of $2,017.70. This would be an increase in pay of $185.90 bi-weekly. Therefore, from March 2008 until the present (July 2008), Plaintiff has lost $1,859.00, which is $185.90 multiplied by 10 bi-weekly pay periods.**

15.     If you have attempted to minimize your loss of income or earning capacity, explain in detail how.

**RESPONSE: Plaintiff continues to try and attain a promotion whenever one has been available.**

16. If you have attribute any physical, mental or emotional injuries to any adverse employment action in this case, identify each such physical, mental or emotional injury.

**RESPONSE: Plaintiff has also suffered mental anguish and emotional distress, for which there is no exact science on how to calculate. Therefore, calculating mental anguish would be up to the trier-of-fact.**

17. Identify each and every health care provider, including but not limited to mental health care, you have consulted within the past 10 years, stating the name, address, and telephone number, the type of consultation, examination or treatment provided, and the dates of each such consultation.

**RESPONSE: Plaintiff objects to this request on the grounds that it is unduly burdensome. Without waiving said objection, to the best of Plaintiff's ability, Plaintiff has been treated by the following, which is not an inclusive listing: 1. Several years ago Plaintiff suffered for a heart attack and was treated by Dr. Luqua Amed (Cardiologist) and at Baptist South (2105 E. South Blvd, Montgomery, AL 36116). 2. Several years ago for depression and was treated at Alabama Psychological Services (5906 Carmichael Place, Montgomery, AL 36117), Meadhaven (2055 Normandie Drive, Montgomery, Alabama), and Jackson Hospital (1725 Pine Street, Montgomery, AL); and 3. Plaintiff had jaw surgery for under bite performed by Dr. John Matthews in Montgomery, Alabama.**

18. If any health care provider advised you that you may require treatment in the future for any physical, mental or emotional injury you claim to have sustained as a result of any adverse employment action on which this case is based, identify each such care provider by name and address.

**RESPONSE: Plaintiff has not.**

19. If you have ever filed a lawsuit before this case, state the date and place of the incident(s) on which each such lawsuit was based, the name and address of the party

against whom each such lawsuit was filed, the court in which the case was filed and the number assigned to the case, and state how the lawsuit was resolved.

**RESPONSE:** **Plaintiff has been involved with suits against the State of Alabama Department of Youth Services and Plaintiff filed a small claim suite in Montgomery County, Thomas Thaggard vs. Angie Culotta, Case Number SM-1993-003705.00, which resulted in a default judgment.**

20.    Please state whether, during the past 10 years, you have had in your possession:

      a       intoxicating liquors

      b       marijuana

      c       narcotics

      d       any other prescription or non-prescription drugs

**RESPONSE:** **As to (a), Plaintiff has. As to (b), Plaintiff has not. As to (c), since Plaintiff has had surgeries, Plaintiff assumes he has. As to (d), Plaintiff has.**

Dated this 25th day of July, 2008.

_Tommy Thaggard_

Tommy Thaggard

**STATE OF ALABAMA**       )
**MONTGOMERY COUNTY**    )

    Before me, the undersigned authority, a Notary Public in and for said state and county, personally appeared Tommy Thaggard, who is known to me, and who, being by me first duly sworn, deposes and says on oath that the matters and things alleged in the foregoing are true and correct.

    **SWORN TO and SUBSCRIBED** before me this the 25th day of July, 2008.

_Chelso Madson Corcoran_

NOTARY PUBLIC

My commission expires: 12-11-2011

_Julian McPhillips Jr._

JULIAN L. MCPHILLIPS, JR. (MCP004)
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 South Perry St.
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Fax: (334) 263-2321

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below named either by hand delivery, facsimile transmission, electronic filing and/or by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address this the _25_ day of July, 2008.

T. Dudley Perry, Jr., Esq.
Sancha E. Teele, Esq.
Assistant Attorney Generals
Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057

_____
Of Counsel



# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 5

STATE OF ALABAMA

# DEPARTMENT OF YOUTH SERVICES

BOB RILEY
GOVERNOR

POST OFFICE BOX 66
MT. MEIGS, ALABAMA 36057

J. WALTER WOOD, JR.
EXECUTIVE DIRECTOR

Legal Division
Telephone (334) 215-3803 Facsimile (334) 215-3872

August 13, 2008

**VIA FACSIMILE and US POSTAL SERVICE**
Mr. Julian McPhillips, Esq.
McPhillips Shinbaum, L.L.P.
516 South Perry Street
Montgomery, AL 36104

Re: Thomas Thaggard (2:07-cv-483-ID)

Dear Ms. McPhillips:

This letter is a follow up to my letter to you dated July 17, 2008. Before I will be able to take your client's deposition I will need to have each item in that letter addressed specifically and completely. Specifically, the Plaintiff objected to Interrogatory number 9, failed to fully answer Interrogatory number 10 by refusing to identify the substance of the information the witnesses are supposed to have and objected to Request for Production number 21- which sought Mr. Thaggard's diaries, notes and journals. Please respond on or before Tuesday, August 19, 2008 to avoid the necessity of a Motion to Compel. My assistant, Elise, has already spoken with Elizabeth, who has said that there will not be an objection to a Motion for a 40 day continuance of the Discovery deadline and Summary Judgment deadline. Therefore, if you need more time to provide me with complete Interrogatory and Discovery responses, please contact me by Friday, August 15, 2008 and let me know. I will be happy to work with you within the limits of the 40 day extension.

Also attached to this letter are HIPPA releases for your client to sign in order for us to obtain the medical records that were identified in your response to Interrogatory number 17. If you have any objections to these releases, please let me know so that I can include it in a motion if necessary.

Very truly yours,

T. Dudley Perry, Jr
General Counsel

TDPJr/lem

EXHIBIT
5

**ALABAMA DEPARTMENT
OF YOUTH SERVICES
UNIFORM
MEDICAL AUTHORIZATION**

I.    Patient Name:  Thomas A. Thaggard

    Social Security No.:  ▬▬▬▬▬

II.   This authorization applies to the specific information set forth below:
Any and all information and records, medical information, psychological records, charts,
graphs, histories, data, x-rays, and statements for charges in your possession, or in the
possession of any member of your staff, dealing with and covering any medical
examination, treatment, consultation, or hospitalization of the undersigned at your office,
to not exclude sensitive information contained in said file.

III.  The following persons or organizations are authorized to disclose my protected health
information identified above:  Meadhaven

IV.   The following persons or organizations are authorized to receive my protected health
information identified above:  T. Dudley Perry, Jr., Alabama Department
of Youth Services-Legal Division, PO Box #66, Mt. Meigs, AL
36057.

V.    This authorized use or disclosure is for the following specific purpose(s): Thaggard v.
State of Alabama Department of Youth Services
Case No. 2:07-cv-483-ID

VI.   This expiration will expire upon the following date or event:  At the termination
of litigation

    **I certify that I have read, signed and received a copy of this authorization. I
understand that I have the right to revoke this authorization at any time.**

    **Name of Patient (Printed)**        **Date**

    **Signature of Patient**        **Date**

**ALABAMA DEPARTMENT
OF YOUTH SERVICES
UNIFORM
MEDICAL AUTHORIZATION**

I.    Patient Name:  Thomas A. Thaggard

      Social Security No.:  ▓▓▓▓▓▓▓

II.   This authorization applies to the specific information set forth below:
      Any and all information and records, medical information, psychological records, charts, graphs, histories, data, x-rays, and statements for charges in your possession, or in the possession of any member of your staff, dealing with and covering any medical examination, treatment, consultation, or hospitalization of the undersigned at your office, to not exclude sensitive information contained in said file.

III.  The following persons or organizations are authorized to disclose my protected health information identified above:  Jackson Hospital

IV.   The following persons or organizations are authorized to receive my protected health information identified above:  T. Dudley Perry, Jr., Alabama Department of Youth Services-Legal Division, PO Box #66, Mt. Meigs, AL 36057.

V.    This authorized use or disclosure is for the following specific purpose(s): Thaggard v. State of Alabama Department of Youth Services Case No. 2:07-cv-483-ID

VI.   This expiration will expire upon the following date or event:  At the termination of litigation

      **I certify that I have read, signed and received a copy of this authorization. I understand that I have the right to revoke this authorization at any time.**


      **Name of Patient (Printed)**                      **Date**


      **Signature of Patient**                            **Date**

### ALABAMA DEPARTMENT
### OF YOUTH SERVICES
### UNIFORM
### MEDICAL AUTHORIZATION

I.     Patient Name: Thomas A. Thaggard

       Social Security No.: ~~[redacted]~~

II.    This authorization applies to the specific information set forth below:
       Any and all information and records, medical information, psychological records, charts,
       graphs, histories, data, x-rays, and statements for charges in your possession, or in the
       possession of any member of your staff, dealing with and covering any medical
       examination, treatment, consultation, or hospitalization of the undersigned at your office,
       to not exclude sensitive information contained in said file.

III.   The following persons or organizations are authorized to disclose my protected health
       information identified above: Alabama Psychological Services

IV.    The following persons or organizations are authorized to receive my protected health
       information identified above: T. Dudley Perry, Jr., Alabama Department
       of Youth Services-Legal Division, PO Box #66, Mt. Meigs, AL
       36057.

V.     This authorized use or disclosure is for the following specific purpose(s): Thaggard v.
       State of Alabama Department of Youth Services
       Case No. 2:07-cv-483-ID

VI.    This expiration will expire upon the following date or event: At the termination
       of litigation

       **I certify that I have read, signed and received a copy of this authorization. I
       understand that I have the right to revoke this authorization at any time.**


       _____          _____
       **Name of Patient (Printed)**                   **Date**


       _____          _____
       **Signature of Patient**                        **Date**

# THAGGARD V. DYS

# ADYS' MOTION TO COMPEL

# EXHIBIT 6

# McPhillips Shinbaum, L.L.P.

## McPhilliips, Shinbaum, Luck, Bodin & Guillot
### ATTORNEYS AND COUNSELORS AT LAW

Julian L. McPhillips, Jr.*
Kenneth Shinbaum
Aaron J. Luck
James G. Bodin**
Joseph C. Guillot
Elizabeth Bern Spear

516 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104
(334) 262-1911
(866) 224-8664

AND

2106 D GATEWAY DRIVE
OPELIKA, ALABAMA 36801
(334) 704-9991

*Also Admitted in NY

**Also Admitted in DC

Office Admin. Amy Strickland

Of Counsel: G. William Gill

August 15, 2008

Mr. Dudley Perry, Jr., Esq.
Legal Counsel
State of Alabama Department of Youth Services
P.O. Box 66
Montgomery, AL 36057

**VIA FAX (334) 215-3872
AND REGULAR MAIL**

Re: <u>Thaggard v. DYS</u>

Dear Dudley:

Thank you for your letter of August 13, 2008. I regret that you believe our answers to your interrogatories are incomplete. However, it is our position, and that of our clients, that we have fully responded to all the interrogatories and request for production with all the information my client has available to him. We have not withheld any diaries, notes or journals. He simply does not have them.

However, as of this date, you have failed to completely respond to all our interrogatories and request for production. Therefore, this is to request that you completely and thoroughly respond to the discovery filed upon you within the time frame allowed by this court.

Further, you can subpoena our client's medical records if you choose. However, we have no intention of letting you dig around into our client's medical history when we do not plan to use his medical records to make a claim for bodily injury damages.

Thank you.

Sincerely,

Julian McPhillips

JLMcP/aas

RECEIVED
AUG 1 8 2008
DYS-LEGAL COUNSEL

EXHIBIT
6