IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS THAGGARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 2:07cv483-ID |
| | * | |
| STATE OF ALABAMA | * | |
| DEPARTMENT OF YOUTH | * | |
| SERVICES, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY REQUEST**

Comes now the Plaintiff, Thomas Thaggard, in the above-styled case and in response to the Defendant's Motion to Compel Responses to Written Discovery Request, states the following:

1. The Plaintiff supplied his initial responses to the Defendant's Interrogatories and Request for Production on July 8, 2008.

2. The Plaintiff amended his responses to the Defendant's Interrogatories and Request for Production on July 25, 2008.

3. On August 13, 2008, the Plaintiff received a letter from the Defendant's attorney requesting additional information pertaining to the Interrogatories and Request for Production of Documents. (See letter attached hereto as Exhibit 1).

4. On August 15, 2008, the Plaintiff responded to the August 13, 2008 letter of the Defendant. (See letter attached hereto as Exhibit 2).

5. It is the position of the Plaintiff that all discovery responses have been completed in a timely and efficient manner, and that the Defendant is unduly subjecting the Plaintiff to an overkill "fishing expedition" regarding the prior arrest the Defendant

mentions in #9 of the Motion to Compel. Further, it is not the Plaintiff's responsibility to answer any interrogatory which is not limited to a reasonable time and therefore unreasonable in scope, unless so ordered by this Honorable Court.

6. However, it is the Plaintiff's position that if the Defendant were to rephrase or clearly ask the information he is seeking within the scope of the Federal Rules of Civil Procedure as it relates to Discovery, then the Plaintiff would be willing to respond appropriately.

7. As to Interrogatory number 10, it is the Plaintiff's position that the individuals listed in his response are represented by counsel of the Defendant, and therefore, at this time, without the depositions of each individual listed being taken, it is impossible for the Plaintiff to disclose what information each individual will be able to testify to at the time of trial. However, in a good faith effort to respond to the Defendant's Interrogatory #10, the Plaintiff has provided him the names of all potential witnesses that may have information relevant to the trial.

8. As to the Request for Production #21 of the Defendant's Request for Production, the Plaintiff has responded completely, and it is the Plaintiff's position that there are no written notes, journals, or diaries reflecting facts relevant to the Plaintiff's claim. As to the objection filed originally by the Plaintiff, this was based on notes that the Plaintiff personally took in answering the discovery of the Defendant. This is considered work product, and originally created during the course of responding to the discovery of the Defendant. The fact that the Defendant finds it is incredible that the Plaintiff has no journals and/or diaries documenting facts and events he claims are relevant to this case is conjecture and opinion of the Defense counsel.

9. Finally, on August 15, 2008, the Plaintiff has requested that the Defendant answer the Plaintiff's Interrogatories and Request for Production served on February 19, 2008 that he objected to, and failed to answer completely on May 15, 2008. (See letter attached hereto as Exhibit 2 and the Discovery response Exhibit 3 by the Defendant). The Defendant filed his answers untimely, and approximately two months late.  However, the Plaintiff has not filed a Motion to Compel on the Defendant for its failure to respond appropriate and timely, and believe that the Defendant has filed said Motion Compel the Plaintiff in an effort to discredit this Plaintiff before the Court. Further, as you will note from the Initial Disclosures from the Defendant, it has failed to answer as to the substance each of their individuals are prepared to testify to. (See Exhibit 4).  It is the Plaintiff's position that the Defendant should be held to the same standard regarding its answers.

Wherefore, premises considered, and in lieu of wasting this Honorable Court's valuable time, the Plaintiff moves this Honorable Court to either order the parties to confer regarding this matter, or in the alternative, issue an order deeming the Plaintiff"s discovery complete as answered, and that no sanctions be ordered against the Plaintiff, as he has completely and fully complied with the discovery requests of the Defendant to the best of his ability and knowledge, while the Defendant, to date, has not.

Dated this 19th day of August, 2008.

/s/ Julian McPhillips, Jr., Attorney for Plaintiff
McPhillips Shinbaum, L.L.P.
Post Office Box 64
516 South Perry Street
Montgomery, Alabama 36102
(334) 262-1911


/s/ Elizabeth Bern Spear, Attorney for Plaintiff
McPhillips Shinbaum, L.L.P.
Post Office Box 64
516 South Perry Street
Montgomery, Alabama 36102
(334) 262-1911


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing to the following individual listed below by e-file and U.S. Mail, postage prepaid, on this the 19th day of August, 2008.

T. Dudley Perry, Jr., Attorney for Defendant
General Counsel
Alabama Dept. of Youth Services
P.O. Box 66
Mt. Meigs, Alabama 36057

/s/ Julian McPhillips, Jr., Attorney for Plaintiff

**STATE OF ALABAMA**



**DEPARTMENT OF YOUTH SERVICES**

| BOB RILEY | POST OFFICE BOX 66 | J. WALTER WOOD, JR. |
|---|---|---|
| GOVERNOR | MT. MEIGS, ALABAMA 36057 | EXECUTIVE DIRECTOR |

Legal Division
Telephone (334) 215-3803 Facsimile (334) 215-3872

August 13, 2008

<u>**VIA FACSIMILE and US POSTAL SERVICE**</u>
Mr. Julian McPhillips, Esq.
McPhillips Shinbaum, L.L.P.
516 South Perry Street
Montgomery, AL 36104

Re: Thomas Thaggard (2:07-cv-483-ID)

Dear Ms. McPhillips:

    This letter is a follow up to my letter to you dated July 17, 2008. Before I will be able to take your client's deposition I will need to have each item in that letter addressed specifically and completely. Specifically, the Plaintiff objected to Interrogatory number 9, failed to fully answer Interrogatory number 10 by refusing to identify the substance of the information the witnesses are supposed to have and objected to Request for Production number 21- which sought Mr. Thaggard's diaries, notes and journals. Please respond on or before Tuesday, August 19, 2008 to avoid the necessity of a Motion to Compel. My assistant, Elise, has already spoken with Elizabeth, who has said that there will not be an objection to a Motion for a 40 day continuance of the Discovery deadline and Summary Judgment deadline. Therefore, if you need more time to provide me with complete Interrogatory and Discovery responses, please contact me by Friday, August 15, 2008 and let me know. I will be happy to work with you within the limits of the 40 day extension.

    Also attached to this letter are HIPPA releases for your client to sign in order for us to obtain the medical records that were identified in your response to Interrogatory number 17. If you have any objections to these releases, please let me know so that I can include it in a motion if necessary.

                                                   Very truly yours,

                                                   T. Dudley Perry, Jr.
                                                 General Counsel

Encs. (3)
TDPJr/lem



EXHIBIT 1

# McPhillips Shinbaum, L.L.P.

McPhilliips, Shinbaum, Luck, Bodin & Guillot
ATTORNEYS AND COUNSELORS AT LAW

Julian L. McPhillips, Jr*
Kenneth Shinbaum
Aaron J. Luck
James G. Bodin**
Joseph C. Guillot
Elizabeth Bern Spear

516 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104
(334) 262-1911
(866) 224-8664

AND

2106 D GATEWAY DRIVE
OPELIKA, ALABAMA 36801
(334) 704-9991

*Also Admitted in NY
**Also Admitted in DC

Office Admin. Amy Strickland

Of Counsel: G. William Gill

August 15, 2008

Mr. Dudley Perry, Jr., Esq.
Legal Counsel
State of Alabama Department of Youth Services
P.O. Box 66
Montgomery, AL 36057

**VIA FAX (334) 215-3872
AND REGULAR MAIL**

Re: Thaggard v. DYS

Dear Dudley:

Thank you for your letter of August 13, 2008. I regret that you believe our answers to your interrogatories are incomplete. However, it is our position, and that of our clients, that we have fully responded to all the interrogatories and request for production with all the information my client has available to him. We have not withheld any diaries, notes or journals. He simply does not have them.

However, as of this date, you have failed to completely respond to all our interrogatories and request for production. Therefore, this is to request that you completely and thoroughly respond to the discovery filed upon you within the time frame allowed by this court.

Further, you can subpoena our client's medical records if you choose. However, we have no intention of letting you dig around into our client's medical history when we do not plan to use his medical records to make a claim for bodily injury damages.

Thank you.

Sincerely,

Julian McPhillips

JLMcP/aas



IN THE DISTRICT UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS THAGGARD ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-CV-XXX-ID |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Comes Now the Defendant, Alabama Department of Youth Services, by and through the undersigned counsel submits the following requests for production, as follows:

**General objection**: The Defendant objects, as stated in the attached letter dated June 11, 2007, to the Plaintiff's issuance of his First Set of Interrogatories and Request for Production of Documents to Defendant, on the basis that they were issued in violation of Rule 26(d) F.R.C.P. Rule 26 states that "a party may not seek discovery 1om any source before the parties have conferred as required by Rule 26(f)." On April 25, 2008 the Defendant again received the Plaintiff's First Set Of Interrogatories ostensibly served on February 19, 2008. The Defendant objects to the Plaintiff's attempt to circumvent the Rules of Civil Procedure by issuing requests in contravention of the rules and failing to subsequently cure that failure by issuing timely requests, meanwhile claiming responses are due by a certain date. Without waiving said objections, Defendant responds as follows:

1. **Identify any person who has assisted in answering these interrogatories.**

    **ANSWER:**   *T. Dudley Perry, Jr., General Counsel, Debra Spann, Personnel Manager and L. Elise Massey, Legal Assistant*

2. **Identify all employees or agents of the Defendant who have been terminated at the Mt. Meigs Campus by name, last known address, or title, last day of employment, race, age and gender and the names and job titles of the persons who made the**

1



       **decision to terminate each of them.**

    **ANSWER:** *The Defendant objects to interrogatory number two (2) on the grounds that it is not limited to a reasonable time and is therefore unreasonable in scope. The Defendant further objects to this request on the grounds that it is unduly burdensome and cumbersome and cost prohibitive to DYS. Finally, the Defendant objects on the grounds that DYS is not equipped with the staff or technology to compile the information. It would be necessary to physically search the files to compile the information. The task to answer questions 2, 4, 5 and 8 would take approximately three (3) days time. DYS does not have the staff available to devote to this task*

    *Without waiving the objection, with regard to the decision to discharge each such employee, the Department followed the following procedure: When recommended by the employee's supervisor, a local authority obtained approval to pursue personnel action. In many cases the local authority's decision to obtain approval was based on a fact finding hearing at which the employee had the ability to call witnesses and present any testimony in his/her behalf Approval was then given to pursue personnel action, and the Executive Director then issued a letter to the employee informing him/her of the reason for the recommendation that he/she be disciplined (including possible discharge) and of the date and location of a hearing to consider the recommendation The facility administration then presented evidence and testimony at a hearing before a hearing officer authorized by the Executive Director. The employee again had the ability to call witnesses and present any testimony in his/her behalf. The employee was again allowed to be represented by counsel. After considering the testimony offered, and based on a recommendation by the hearing officer, the Executive Director ordered dismissal The Executive Director notified the employee by letter of the action taken Copies of the letter were sent to State Personnel. According to State Personnel Rules, employees who are permanent merit system employees may have then appealed their dismissal pursuant to the above referenced Rules of the State Personnel Board 670-X-18-.01, et seq , and in such cases the employees again had a right to a full hearing, with the right to legal representation, cross examine witnesses, and present evidence on his/her behalf.*

3.     **Please identify all job titles held by Thomas Thaggard during his employment, the dates he held said job titles, all job responsibilities and duties associated with each job title, his weekly pay and/or hourly wage for each job title.**

    **ANSWER:** *The job titles held by Thomas Thaggard are known by the Plaintiff and have been provided in his Personnel file, which was produced in initial disclosures (Bates stamped documents no 1-301) The Defendant thus objects on the grounds that the discovery sought is unreasonably cumulative or duplicative, and is obtainable from another source that is more convenient, less burdensome, and less expensive However, since the initial disclosure, Mr Thaggard's most recent performance appraisal has been added to his personnel file Attached hereto is a copy (Bates no.(s) 320-322).*

4. **Please identify by name, last known address, gender, race, age, current employment status, employment location and job title of every employee who has held the same job titles and or/has performed the same job duties as Thomas Thaggard at the Mt. Meigs Campus.**

   **ANSWER:** *The Defendant objects to interrogatory number four (4) on the grounds that it is not limited to a reasonable time period and is therefore unreasonable in scope, is unduly burdensome, and vague. Defendant also objects to the inclusion of "every employee who has held the same job titles and/or has performed the same job duties" as the Plaintiff on grounds that such language is so broad as to be inadequate for specific definition. Finally, the Defendant objects on the grounds that DYS is not equipped with the staff or technology to compile the information requested. It would be necessary to physically search the files to compile the information. This task to answer questions 2, 4, 5 and 8 would take approximately three (3) days time. DYS doesn't have the staff available to devote to this task.*

5. **Identify the name of every Caucasian male employee who has held the job title of Counselor I, Youth Services Specialist and/or Campus Administrator at Mt. Meigs Campus between 1978 to the present, and with regard to each provide the name, last known address, current job status, employment location, date(s) he or she was offered and/or promoted to the positions of Counselor I, Youth Services Specialist and/or Campus Administrator, name and job title of persons who offered him said promotions**

   **ANSWER:** *Defendant objects to the time limit of 1978 on the ground that it is an unreasonable time limit. The Defendant further objects on the grounds that we are not equipped with the staff or technology to accurately compile this information. It would be necessary to physically search the files to compile the information. This task to answer questions 2, 4, 5 and 8 would take approximately three (3) days time. DYS doesn't have the staff available to devote to this task.*

6. **Identify by name and last known address each and every person for whom the Defendant or anyone acting on its behalf (including, without limitation, the attorneys and investigator(s) working for the Defendant, or any other persons) has obtained a statement of any type (e.g., written, recorded or otherwise), concerning any fact, matter or event having any connection or relevance whatsoever to any aspect of this lawsuit. To the extent any person has been interviewed without giving a "statement". Or talked with regarding this case, separately identify each such person.**

   **ANSWER:** *General Counsel for DYS has met with our clients, Janice Coles-Lewis and Tim Davis, and the statements obtained (written, recorded or otherwise) is privileged attorney client work product.*

3

7. **Explain in detail every reason why Thomas Thaggard was not promoted to the position of Youth Service Specialist each and every time when the position was available.**

   **ANSWER:** *While qualified for the position, during the interview process, Mr. Thaggard was not prepared for and could not completely answer questions, regarding general Departmental policy, procedures and supervisory questions. It is the position of DYS that promotions are not solely based on educational qualifications, but an effort is made to determine and select the best person to fill the position. Among the selection procedures is an interview process*

8. **List the number of Youth Service Specialist positions that have become available with the Defendant for each year between 1978 to the present along with the name, race, age, gender and years of employment with the Defendant, of every individual who has filled the position of Youth Service Specialist, the date(s) they filled this position, and the name and job title of every person who approved that employee filling the position of Youth Service Specialist.**

   **ANSWER:** *The Defendant objects to interrogatory number eight (8) on the grounds that it is not limited to a reasonable time period or geographic area and is therefore unreasonable in scope, is unduly burdensome, and vague. The Defendant submits that in order to accurately compile this information special reports would have to be created and the Defendant does not possess the manpower or technology to compile this information. It would be necessary to physically search the files to compile the information. This task to answer questions 2, 4, 5 and 8 would take approximately three (3) days time. DYS doesn't have the staff available to devote to this task*

9. **Identify every EEOC charge of discrimination and/or lawsuit concerning race discrimination, age discrimination, and/or retaliation, in which the State of Alabama Department of Youth Services has been named and/or involved or is currently named and/or involved since 1978. For each lawsuit, identify the Court and case number. For each such EEOC charge, identify the name of the charging party, and the current position of the charging party with the Defendant, if applicable**

   **ANSWER:** *The Defendant objects to interrogatory number nine (9) on the grounds that it is not limited to a reasonable time period or geographic area and is therefore unreasonable in scope, is unduly burdensome, and vague. Without waiving that limitation, the following are the lawsuits filed concerning Mt. Meigs within the past 5 years concerning reverse race discrimination, age discrimination, and/or retaliation*

   *EEOC*
   *Beleyu, Randy        Race/Sex/Color*
   *Carr, Ruby H         Race/Sex*
   *Carr, Ruby H         Retaliation*
   *Flowers, James       Race/Sex*

4

*Harris, Rose*     *Retaliation*
*Jackson, Julia*     *Sex/Retaliation*
*Mitchell, Ted F*     *Retaliation*
*Thaggard, Thomas*     *Race/Age/Retaliation*
*Thaggard, Thomas*     *Race/Age/Retatliation*
*Thaggard, Thomas*     *Race/Age/Retaliation*

<u>*Cases*</u>
*Thaggard v DYS, J. Walter. Wood, & G.W. Booker*
*CV-04-M-200-N*
*US District Court Middle District Northern Division*

*Beleyeu v DYS, J. Walter Wood & G.W. Booker*
*2:04-cv-329-WKW*
*US District Court Middle District Northern Division*

*Carr v. DYS et. al*
*2:07-cv-535-MHT*
*US District Court Middle District Northern Division*

*Thaggard v DYS*
*2:07-cv-483-ID*
*US District Court Middle District Northern Division*

10. **Separately list the qualifications for the position of Youth Service Specialist, both requisite and preferred for the years 1978 to the present, including a description of duties, skills and responsibility for this position.**

    **ANSWER:** *The Defendant objects to interrogatory number ten (10) on the grounds that it is not limited to a reasonable time period and is therefore unreasonable in scope, is unduly burdensome, and vague. Without waiving that objection, attached is a copy of the duties and responsibilities for Youth Services Specialist (Bates no. 323).*

                                          Respectfully submitted,

                                          T. Dudley Perry, Jr.
                                          Bar number: 3985-R67T
                                          General Counsel
                                          Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THOMAS THAGGARD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:07-cv-483-ID |
| vs. ) | |
| ) | |
| **STATE OF ALABAMA** ) | |
| **DEPARTMENT OF YOUTH** ) | |
| **SERVICES** ) | |
| ) | |
| Defendant. ) | |

### REQUEST FOR PRODUCTION

1. The Plaintiff request the Defendant to produce or to allow the Plaintiff to inspect any and all documents or electronic information which the Defendant used to answer interrogatories 1-10 or any and all documents which support or concern the information requested in interrogatories 1-10.

**Answer:** See attached bates stamped document numbers 953-1003

2. The Plaintiff requests a copy of his personnel file from the State of Alabama Department of Youth Services.

**Answer:** The Defendant's personnel file was produced in initial disclosures and defendant's interrogatory responses (Bates stamped documents

numbers 1-301 and 320-322). The following attachments were also used bates stamped documents 953-955

3. The Plaintiff requests a copy of any and all notes as the result of any job interview the Defendant has taken concerning the Plaintiff.

**Answer**: See attached documents bastes stamp document numbers 956-959

4. The Plaintiff requests a copy of any and all statements of any type (e.g., written, recorded or otherwise), concerning any fact, matter or event having any connection or relevance whatsoever to any aspect of this lawsuit. The Defendant objects to the production of any and all statements concerning this case on the ground that such information is privileged work product.

**Answer**: The Defendant submits that there have been no statements taken in this matter.

Respectfully submitted

T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803

Page 2 of 3

Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 23<u>rd</u> of June 2008, I served a copy of the forgoing, **REQUEST FOR PRODUCTION**, upon the below named attorney for the Plaintiff by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address as listed below.

Julian L. McPhillips
Elizabeth Bern Spear
McPhillips, Shinbaum, L.L.P.
Attorneys and Counselors at Law
516 South Perry Street
Montgomery, Alabama 36104

T. Dudley Perry, Jr.
General Counsel
Alabama Department of Youth Services

IN THE DISTRICT COURT OF THE UNITED STATE FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| THOMAS THAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| ) | 2:07cv483-ID |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES, ) | |
| ) | |
| Defendant. ) | |

### ALABAMA DEPARTMENT OF YOUTH SERVICES' INITIAL DISCLOSURES

1. The following people may have discoverable information that the Defendant may use to support its defenses:

   Tim Davis
   1000 Industrial School Road
   Mt. Meigs, AL 36057

   Janice Lewis
   1000 Industrial School Road
   Mt. Meigs, AL 36057

2. The following documents, copies of which are attached hereto, may be used to support the Defendant's defenses:

   Personnel file (Bates-stamped documents No. 0001 through 000301, hereto attached.)
   Data from the interview process, (Bates-stamped documents No. 301 through 319, attached hereto.)

3. There are no insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in this case.

Respectfully submitted


EXHIBIT 4


T. Dudley Perry, Jr.
General Counsel
Attorney for the Defendant

ADDRESS OF COUNSEL

Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
334-215-3803 (telephone)
334-215-3872 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 13th of December, 2007, served a copy of the forgoing on counsel by mailing a copy of the same by United State mail property addressed and first class postage.

Elizabeth Bern Spear, Attorney for Plaintiff
McPhillips Shinbaum, L L P
P.O. Box 64
516 South Perry Street
Montgomery, AL 36102

T. Dudley Perry, Jr
General Counsel
Attorney for the Defendant